**WILLIAM F. LUEBKE CO. v. MANHARDT et al.**

Civ. A. No. 444.

District Court, E. D. Wisconsin.

Feb. 7, 1941.

William Doll (of Field & Doll), of Milwaukee, Wis., for plaintiff.

Ralph J. Drought (of Drought & Drought), of Milwaukee, Wis., for defendant W. H. Pipkorn Co.

Joseph E. Tierney, of Milwaukee, Wis., for defendant Froeming Corporation.

Maurice McCabe and Walter H. Bender, both of Milwaukee, Wis., for other defendants.

DUFFY, District Judge.

This matter is before the court upon a motion by all of the defendants for a more definite statement and a bill of particulars.

The complaint herein is based upon Secs. 1 and 7 of the Sherman Anti-Trust Act, 15 U.S.C.A. § 1 et seq. and 15 note. The sixteen defendants named have been engaged in the building supply business. The complaint alleges that the plaintiff was a purchaser of building supplies from manufacturers outside of Wisconsin and was a competitor of the defendants; that said defendants do approximately 90% of the building supply business in Milwaukee County and purchase approximately 60% of their supplies from manufacturers outside of Wisconsin; that in 1936 defendants entered into a combination to suppress competition and develop a monopoly in the purchase and sale of building supplies, by maintaining uniform prices, by interfering with competition in purchasing supplies, and by boycotting manufacturers who sold supplies to the plaintiff; and that by reason of said combination and conspiracy, the plaintiff was forced out of business.

The demand for the bill of particulars is 19 pages in length and is divided into 111 separate inquiries. It is estimated that to set forth as a part of the complaint the answers to all of the inquiries, the present complaint would have to be expanded into a well-upholstered document of at least 75 pages. The plaintiff has endeavored to comply with Rule 8, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, by setting forth his claim in a short and plain statement.

In actions to recover damages for alleged unlawful conspiracy, owing to the complicated nature of the case and the numerous elements which enter into such conspiracy, the plaintiff should be given liberal latitude in his pleadings. Ware-Kramer Tobacco Co. v. American Tobacco Co., C.C., 178 F. 117; Louisiana Farmers' Protective Union, Inc., et al. v. Great Atlantic & Pacific Tea Co. of America, D.C., 31 F.Supp. 483, 492. It is inherent in this kind of action that all of the details and specific facts relied upon cannot properly be set forth as a part of the pleadings. The court should concern itself, on a motion for a bill of particulars, only to the extent that the defendants may not be subjected to surprise and should have a reasonably accurate knowledge of the basis for the plaintiff's claim. As was stated in Buckeye Powder Co. v. E. I. Dupont de Nemours Powder Co., D.C., 196 F. 514, 522: "To require the party injured by the

conspiracy denounced by the Anti-Trust Act to set out his cause of complaint with that degree of nicety and precision in stating times, places, methods, and persons, as is required in the ordinary common-law pleading, would be to nullify the beneficent purpose of the statute."

It is so well established that it requires no citation of authority, that the granting or refusal of a motion for a bill of particulars rests in the sound discretion of the court, and that matters of evidence are not required to be stated in a bill of particulars. Also, a bill of particulars will not ordinarily be granted as to matters that should be more peculiarly within the knowledge of the moving party than that of his adversary.

The means for discovery before trial are very adequate under the Federal Rules of Civil Procedure, and particular information needed in preparation for trial should be procured by means of discovery under the rules provided for interrogatories, depositions, and discovery.

With these principles in mind, an order may be entered granting the requests for bill of particulars in the particulars hereinafter indicated. All other requests, not specifically mentioned, will be deemed denied. The demand of the defendants for a bill of particulars will be granted and the plaintiff will be required to answer the following inquiries, to wit: Question 1a, Question 2d, Question 3a (8), Question 3b (1) (b), and Question 3b (2) (d).

The defendants' time to answer will be extended for 20 days after the service of the bill of particulars upon their respective attorneys.