## MIDLAND OIL CO. v. SINCLAIR REFINING CO.
### Civil Action No. 1042.

District Court, N. D. Illinois, E. D.

Sept. 15, 1941.

Maurice A. Frank, of Chicago, Ill., for plaintiff.

William R. Allen and Sturtevant Hinman, both of Chicago, Ill., for defendant.

CAMPBELL, District Judge.

The Court has carefully considered the defendant's motion to dismiss this suit for lack of jurisdiction and has studied the two briefs submitted by the defendant and the one submitted by the plaintiff in connection with the said motion and has read the authorities therein cited.

■ · There appears to be sufficient facts before the Court at this time by admissions of each party in its brief to permit the Court to decide the jurisdictional question as to whether or not the defendant is engaged in commerce (i. e., interstate commerce) within the meaning of the Act sued upon herein.

Considering these facts and the argument of the parties and the authorities cited, the Court is of the opinion that the defendant is engaged in interstate commerce within the meaning of the said Act both as to its less-than-tank-car-load sales as well as its tank car load sales which admittedly constitute interstate commerce. The defendant is engaged in the business of refining and selling gasoline. Its refinery is located in the State of Indiana. For its less-than-tank-car-load sales which are the transactions at issue in this case, it ships its gasoline from Indiana to various "bulk plants" which it operates in the State of Illinois. The gasoline is stored at these bulk plants until an order is received from a customer whereupon the amount of gasoline ordered is taken by truck from the bulk plant to the customer. The fact that the defendant finds it convenient to use these bulk plants in its system of distribution for less-than-tank-car-load quantities does not alter the interstate nature of its business. The defendant owns the refineries, the bulk plants and the method of delivery to the customer. The customer deals with the defendant directly. The gasoline remains the property of the defendant from the time it is refined until the time it is actually delivered to the customer. In my opinion this constitutes one direct uninterrupted flow in Interstate Commerce.

A review of the cases cited by the defendant on this point in both of its briefs clearly distinguishes those cases factually from the facts in the case at bar. In many of the cases cited, notably in the recent Goldblatt Case, Fleming v. Goldblatt Bros., D.C., 39 F.Supp. 701, decided by Judge Sullivan in this District, the facts are vastly different from those in the instant case. There we have a mercantile house buying from various manufacturers throughout the country and having its purchases delivered to its warehouse in Chicago from which it proceeds to dispose of such merchandise by retail sale through its own stores. This clearly distinguishes that case from the one now under consideration. If in the Goldblatt case the defendant was receiving merchandise from its own factories all over the country and storing it in its warehouse in Chicago for subsequent sale at retail (which would be comparable to the case at

438

bar), the decision undoubtedly would have been different.

It is, therefore, my opinion based on the facts submitted by the defendant that the defendant is engaged in "commerce" as defined in the Robinson-Patman Act, 15 U.S.C.A. §§ 13 et seq., 21a.

■ On the facts relating to the plaintiff's business recited by the defendant in its first brief which were neither admitted nor denied by the plaintiff's brief, it is obvious that by the same reasoning used in arriving at the foregoing opinion, the plaintiff is not engaged in interstate commerce within the meaning of the Act sued upon. The plaintiff is an Illinois corporation which apparently buys gasoline from another Illinois corporation in Chicago and distributes the same to its customers also in the City of Chicago. The firm from which the plaintiff buys its gasoline in turn buys the same from a refiner engaged in interstate commerce but the gasoline comes to rest in the State of Illinois, the property of the local corporation from which the plaintiff purchases it. The plaintiff has no contractual relations whatsoever with the interstate refiner. Clearly on the basis of these facts the plaintiff is engaged solely in intrastate business.

■ Thus we have a situation wherein a sale of gasoline which the agreed facts show to have been made by the defendant to the Ford and Parker Teaming Company of Chicago is a sale in interstate commerce whereas a similar sale of gasoline to the same company by the plaintiff is a sale in intrastate commerce. This is due to the difference in the nature of the business of the plaintiff and the defendant. It is not necessary for the plaintiff in this case to be engaged in interstate commerce in order to bring this suit nor does any case cited by the defendant in its brief so hold. Section 15 of Title 15 of the United States Code Annotated provides that "Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue", etc. Section 13(a) of Title 15 U.S.C.A. (being one of the Anti-Trust Laws referred to in Section 15) provides that "It shall be unlawful * * * to discriminate in price between different purchasers of commodities of like grade and quality. * * *".

The plaintiff's second amended complaint recites that the defendant has discriminated between certain of its customers and that as a result of that discrimination by the defendant between its customers, the plaintiff engaged in a similar line of business to that operated by the defendant was injured in his business and property. Thus it will be seen that the plaintiff sets up a cause of action substantially in the language of the Statute. The Court having determined that the defendant is engaged in commerce within the meaning of the Statute, an issue of fact has been raised for determination.

■ This is not an action by public authority under the Robinson-Patman Act, for the enjoining of some act considered detrimental to the public welfare, and therefore it is not necessary as contended by defendant for the public interest to have been affected by the extent of the defendant's activities. Section 15 gives the right to an individual to sue for damage that he has sustained whether or not the public interest is affected thereby. Nor is it necessary for the party injured to be operating a business in interstate commerce or to have been a purchaser discriminated against by the defendant. The requirements of the Act are met if the defendant is engaged in interstate commerce and has discriminated between some of its purchasers and the plaintiff damaged thereby.

The defendant's motion to dismiss this suit for lack of jurisdiction is therefore denied and the Clerk is directed to enter an appropriate minute order accordingly.

Having disposed of the jurisdictional question, it seems to me that the gist of this case is whether or not the defendant's "Commercial" gasoline is the same as its "H.C." gasoline, and if so whether or not both are the same as the plaintiff's "Regular" gasoline. The plaintiff in his pleadings sets up the affirmative to this proposition. The defendant in its brief sets up the negative. If the affirmative is true and the other facts pleaded by the plaintiff in his complaint are likewise true, then it would seem that the defendant discriminated between its own customers. Whether or not this alleged discrimination caused the damage which the plaintiff claims is a further question of fact, but as above stated the first thing to be now determined is whether or not the defendant's "Commercial" and "H.C." gasoline and the plaintiff's "Regular" gasoline are the same. If they are not, then the

plaintiff obviously will be unable to maintain his alleged discrimination between customers of the defendant. With the amount of pre-trial procedure that has been had in this case thus far, the plaintiff must know by now whether or not he can sustain his position in this regard. It is also possible by reason of the lengthy interrogatories already propounded by the plaintiff that the parties might be able to agree to a stipulation of facts upon this point which would enable the Court to decide this question summarily or as part of a pre-trial conference and thus save a great deal of time. These suggestions are made to counsel with a view of expediting the determination of what otherwise might require a lengthy trial to determine.