CALIFORNIA LEAGUE OF INDEPEND-
ENT INSURANCE PRODUCERS
et al., Plaintiffs,

v.

AETNA CASUALTY & SURETY COM-
PANY et al., Defendants.

Civ. No. 37934.

United States District Court
N. D. California, S. D.

May 20, 1959.

Joseph L. Alioto, San Francisco, Cal., for plaintiffs.

McCutchen, Doyle, Brown & Enersen, by Robert Minge Brown and Walker

Lowry, San Francisco, Cal., for defendants Aetna Casualty & Surety Co., Great American Indemnity Co., Royal Indemnity Co., and Travelers Indemnity Co.

Orrick, Dahlquist, Herrington & Sutcliffe, by Eric Sutcliffe and Christopher M. Jenks, San Francisco, Cal., for defendant Fireman's Fund Ins. Co.

Cooley, Crowley, Gaither, Godward, Castro & Huddleson, by Edwin E. Huddleson, Jr., Frank D. Tatum, Jr., and Stanton G. Ware, San Francisco, Cal., and Gordon H. Snow, Los Angeles, Cal., for defendant Pacific Indemnity Co.

Pillsbury, Madison & Sutro, by James Michael, Noble K. Gregory and Allan N. Littman, San Francisco, Cal., for defendant United Pac. Ins. Co.

WOLLENBERG, District Judge.

The sufficiency of the complaint in this treble damage anti-trust action has been attacked by motions under Rule 12(b) (6) and 12(e), 28 U.S.C.A. The complaint charges a conspiracy to restrain and monopolize trade in violation of the Sherman Anti-Trust Act (15 U.S.C.A. §§ 1, 2) whereby the defendants, acting in concert, agreed "to decrease the rate of commission paid to ·automobile insurance agents, * * * (and) they thereafter, in fact did decrease the said rate of commission and persuade substantially all companies writing automobile insurance to join them in the plan." The complaint further charges that the said conspiracy resulted in (a) destruction of the insurance agents' previously existing right to seek their rate of commission by free and private negotiation with the defendants, (b) impairment of competition among the insurance companies for the services of plaintiffs, and (c) loss of profits to the plaintiffs. The amount of damages suffered by each defendant is alleged to be presently unknown and therefore leave to amend is prayed after completion of discovery proceedings.

Each defendant presented a motion to dismiss for failure to state a claim upon which relief can be granted [F.R.Civ.P. 12(b) (6)]. The motions were based upon (a) the insufficiency of the damage allegation, and (b) Section 2(b) of the McCarran Act [15 U.S.C.A. § 1012(b)].

The last stated ground, Section 2(b) of the McCarran Act, presents an interesting and unusual question.[1] The McCarran Act (15 U.S.C.A. §§ 1011–1014), in so far as applicable herein, provides that the federal antitrust statutes are applicable to the business of insurance *only* (1) to the extent such business is not regulated by state law [15 U.S.C.A. § 1012(b)], or (2) to any act of boycott, coercion, or intimidation. 15 U.S.C.A. § 1013(b). Each defendant previously presented a motion to dismiss for lack of jurisdiction [F.R.Civ.P. 12(b) (1)] to the Honorable Fred L. Wham, visiting Judge from the Eastern District of Illinois. Judge Wham, in orally denying these motions, stated that after investigating the California statutes and regulations he "failed to find that the field of agents' commissions is dealt with at all by the statutes or by the regulations. True enough, there is some provision that rates of insurance may be agreed upon, provided there is no agreement to adhere to those rates and it says, in arriving at the rates, the expenses, of which all agreed commissions, constitute a considerable portion, may be considered." Transcript, p. 4. Judge Wham then went on to state that he was not ruling on coercion as a basis for jurisdiction.

█ In view of this ruling on the question of jurisdiction, the present motions ordinarily would be addressed solely to the *sufficiency of the pleadings* under the Sherman Act. However, the Court now finds itself in the position of disagreeing with the basis upon which the order upholding jurisdiction under the Sherman Act was made.[2] For the rea-

---

1. See text at Footnote 2, infra.

2. This Court is aware of the rule that "judges of coordinate jurisdiction, sitting in the same court and in the same case, should not overrule the decisions of each other." Commercial Union of America v. Anglo-South American Bank,

sons set forth below the motions will be granted with leave to the plaintiff to file an amended complaint within *thirty* days.[3]

■■ In enacting the McCarran Act "Congress' purpose was broadly to give support to existing and future state systems for regulating and taxing the business of insurance." Prudential Ins. Co. v. Benjamin, 1946, 328 U.S. 408, 429–430, 66 S.Ct. 1142, 1154, 90 L.Ed. 1342; 15 U.S.C.A. § 1011. To give effect to this policy Congress specifically provided that the Sherman Act "shall be applicable to the business of insurance to the extent that such business is not regulated by State law." 15 U.S.C.A. § 1012(b). This Court is of the opinion that a State regulates the business of insurance within the meaning of § 1012(b) when a State statute generally proscribes (F.T.C. v. National Cas. Co., 1958, 357 U.S. 560, 78 S.Ct. 1260, 2 L.Ed.2d 1540) or permits or authorizes certain conduct on the part of the insurance companies. In F.T.C. v. National Cas. Co., supra, the Court held that there was State regulation within the meaning of § 1012(b) when a State act *generally* prohibited "certain standards of conduct". 357 U.S. at page 564, 78 S.Ct. at page 1262. From the above case it would seem to follow that if a State has generally authorized or permitted certain standards of conduct, it is regulating the business of insurance under the McCarran Act.

■ The State of California expressly "authorize(s) cooperation between insurers in rate making and other related matters" (West's Ann.Cal.Ins. Code, § 1850) "with respect to any matters pertaining to the making of rates and rating systems" (West's Ann.Cal.Ins. Code, § 1853) provided, however, that said insurance companies "shall not agree with each other or rating organizations * * * to adhere thereto." West's Ann. Cal.Ins.Code, § 1853.6. See Chapter 9 of Division 1, Part 2, of the West's Ann. California Insurance Code setting forth an elaborate and comprehensive scheme for ratemaking. It is common knowledge that the rate of commission paid to agents is a vital factor in the ratemaking structure. See O'Gorman & Young, Inc. v. Hartford Fire Ins. Co., 1931, 282 U.S. 251, 51 S.Ct. 130, 75 L.Ed. 324; State Compensation Ins. Fund v. McConnell, 1956, 46 Cal.2d 330, 294 P.2d 440. From what has been said it is apparent that the defendants are alleged to have violated the Sherman Act in matters generally authorized or permitted by the State of California. Plaintiffs' remedy is under State, not Federal, law.

■ There *is a further reason* supporting the Court's conclusion that the complaint fails to state a claim. Since the State Anti-Trust Act (West's Ann. Bus. & Prof.Code, §§ 16700–16758) applies to insurance companies (Speegle v. Board of Fire Underwriters of the Pacific, 1946, 29 Cal.2d 34, 172 P.2d 867), § 1012(b) of the McCarran Act precludes a Sherman Act suit if the charges alleged in the complaint are covered by said State act. Professional & Business Men's Life Ins. Co. v. Bankers Life Co., D.C.Mont.1958, 163 F.Supp. 274. The Court concludes that the charges in the complaint are so covered.

■ A third reason appears why this complaint fails to state a claim. The case involves a large number of plaintiffs. The complaint alleges that the amount of damage suffered by each is presently unknown. The Court has difficulty understanding why each plaintiff

---

2 Cir., 1925, 10 F.2d 937, 941. While the rule originally was considered as an absolute denial of judicial authority, the modern trend appears to regard the rule as one of restraint on the exercise of judicial discretion. Carnegie National Bank v. City of Wolf Point, 9 Cir., 1940, 110 F.2d 569.

3. However, even though not entirely clear, it appears that Judge Wham envisaged the present ruling when he stated "if you want to get this thing to the Court of Appeals, the quickest way possible would be to go ahead and let some court pass on your motions to dismiss on the ground that the complaint doesn't state a cause of action." (Transcript, p. 11.)

is not able to determine the amount of his damages. Each undoubtedly has his own book of accounts containing the necessary information to compute the damage, if any. Thus, should plaintiffs deem it advisable to file an amended complaint, each will be required to state therein the amount of his damage and the theory upon which it was computed. Louisiana Farmers' Protective Union v. Great Atlantic & Pacific Tea Co., 8 Cir., 1942, 131 F.2d 419; Hess v. Anderson, Clayton & Co., D.C.S.D.Cal.1957, 20 F.R. D. 466.

■ While the McCarran Act permits a Sherman Act suit against insurance companies for "boycott, coercion or intimidation" even though the State is regulating the particular conduct involved [15 U.S.C.A. § 1013(b)], the Court is of the opinion that the complaint, as presently constituted, fails to allege a claim for boycott, coercion or intimidation. Since the plaintiff argued coercion as a basis of jurisdiction before Judge Wham, who declined to rule thereon, plaintiffs are granted leave to file an amended complaint solely for the purpose of showing, if they can, a claim allowable by § 1013(b).

■ At this point it is appropriate to note that the allegation concerning the status of the plaintiff California League of Independent Insurance Producers (hereinafter called "Producers") is ambiguous. F.R.Civ.P. 12(e). The complaint alleges that Producers is "a plaintiff in this case by virtue of the fact that it holds assignments for purposes of litigation" from certain of its members. If Producers is a mere agent for collection, then it is not a real party in interest and the action must be dismissed as to it. F.R.C.P. 17(a); Archie v. Shell Oil Co., D.C.La.1953, 110 F.Supp. 542. On the other hand, if Producers is an assignee for collection it may maintain the action as a real party in interest. Rosenblum v. Dingfelder, 2 Cir., 1940, 111 F.2d 406. It is impossible to ascertain from the complaint if Producers is a real party in interest. Thus, any amended complaint filed herein should clearly set forth Producers' true status.

Therefore, in accordance with the above opinion, each defendant's motion to dismiss the complaint for failure to state a claim is hereby granted with leave to plaintiff to file an amended complaint conforming to the above opinion within thirty days.