CALIFORNIA LEAGUE OF INDEPEND-
ENT INSURANCE PRODUCERS
et al., Plaintiffs,

v.

AETNA CASUALTY AND SURETY
COMPANY et al., Defendants.

Civ. No. 37934.

United States District Court
N. D. California, S. D.

Dec. 11, 1959.

Joseph L. Alioto, San Francisco, Cal., for plaintiff.

McCutchen, Doyle, Brown & Enersen, Orrick, Dahlquist, Herrington & Sutcliffe and Cooley, Crowley, Gaither, Godward, Castro & Huddleson, San Francisco, Cal., for defendants.

WOLLENBERG, District Judge.

On May 20, 1959, this court granted defendants' motions under F.R.Civ.P. 12(b) (6), 28 U.S.C.A. to dismiss the original complaint, 175 F.Supp. 857. The court held that § 2(b) of the McCarran Act [15 U.S.C.A. § 1012(b) ] precluded a Sherman Anti-Trust Act [15 U.S.C.A. §§ 1–7, 15 note] suit involving California insurance agents' commissions except on the narrow grounds stated in § 3(b) of the McCarran Act [15 U.S.C.A. § 1013(b)]. Thereafter, and within the time specified by the court, plaintiffs filed their amended complaint which now is the subject of the present motions. First the court will consider the motions under F.R.Civ.P. 12(b) (1) to dismiss for lack of jurisdiction over the subject matter.

■ The defendants contend that price-fixing conspiracies effectuated by the methods stated in § 3(b) of the McCarran Act are within the antitrust immunity provisions of § 2(b) of said Act. Section 3(b) precludes a Sherman Act suit involving a state-regulated phase of the insurance industry unless the offending conduct constitutes "boycott, coercion, or intimidation." 15 U.S.C.A. § 1013(b). The defendants argue, among other things, that every price-fixing conspiracy necessarily involves economic pressures not to do business except at the agreed price. Defendants conclude, therefore, that Congress obviously did not intend § 3 (b) to apply to what is necessarily involved in every price-fixing agreement. Plaintiffs, on the other hand, argue that the result urged by defendants is contrary to Congressional intent expressed in § 3(b), since it would give insurance companies federal antitrust immunity from price-fixing conspiracies effectuated by "boycott, coercion, or intimidation."

The court recognizes that both contentions are extreme in result. Plaintiffs' position renders § 2(b) of the McCarran Act, which attempts to severely restrict application of the Sherman Act, meaningless. Defendants' theory renders § 3(b) largely ineffective. There is nothing in the legislative history to suggest the result urged by either plaintiffs or defendants. Thus, giving the wording of the statute its plain meaning, the court concludes that plaintiffs' interpretation is correct.

■ In addition, the defendants contend that the terms in § 3(b) are directed to a concerted *absolute* refusal or the inducement of others to refuse absolutely to deal. Thus, the defendants distinguish between an *absolute* refusal and a refusal *except* at a fixed price. The distinction is without substance. There is no reason to hold that § 3(b) withholds immunity in case of an actual total boycott, but grants antitrust immunity for a threatened total or partial boycott. Section 3(b) permits a Sherman Act suit in a state regulated phase of the insurance industry if conduct amounts to boycott, coercion or intimidation. These are the methods to effectuate the refusal to deal except at the agreed price.

Therefore, the motions under F.R.Civ. P. 12(b) (1) must be, and the same are hereby denied.

■ The court will now consider the motions addressed to the sufficiency of the amended complaint [F.R.Civ.P. 12 (b) (6), 12(e), 12(f)] and its compliance with this court's previous order. The complaint sufficiently alleges a boycott. It alleges, inter alia, that the defendants (a) induced other insurance

 

companies to refrain from doing business with plaintiffs except at the agreed commission and (b) conspired to refuse to do business except at said rates.

The motions under 12(b) (6), 12(e) and 12(f) are hereby denied.

The motions to dismiss for failure to comply with the court's previous order are hereby denied.