Thomas J. **FLEMING**
v.
The **TRAVELERS INDEMNITY COMPANY.**
Civ. A. No. 70–1356.

United States District Court,
D. Massachusetts.
March 23, 1971.

■

Gerald B. Gallagher, Malden, Mass., and James R. Skahan, Jr., Cambridge, Mass., for plaintiff.

George C. Caner, Ropes & Gray, Boston, Mass., for defendant.

## OPINION

FRANCIS J. W. FORD, District Judge.

This is an action for treble damages and injunctive relief based on an alleged combination, in violation of the Clayton Act, of defendant and other insurance companies to fix prices in the automobile physical damage insurance business. Defendant moves to dismiss.

The allegation of combination is based on the fact that defendant is a member of the Insurance Rating Board, an association which prepares and files on behalf of its members insurance premium rates. The Board is a rating organization licensed under Massachusetts General Laws, Chapter 175A, which authorizes the establishment of such rating organizations and provides a comprehen-

sive system of regulations of their activities. Rates filed by the organization can, if the filing so provides, become effective immediately after filing with the state Commissioner of Insurance. However, the Commissioner may, at any time after hearing held upon not less than ten days' written notice, if he finds that the filing does not meet the requirements of the chapter, declare it no longer effective.

The McCarran-Ferguson Act, 15 U.S.C. §§ 1011 to 1015 provides in § 1012(b):

> "No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance. * * * *Provided*, that after June 30, 1948. * * * the Sherman Act, and * * * the Clayton Act * * * shall be applicable to the business of insurance to the extent that such business is not regulated by State law."

Defendant moves to dismiss on the ground that since its activities which are the basis of the present complaint are regulated by Massachusetts law, the Clayton Act is inapplicable, and plaintiff can have no cause of action against it under the antitrust laws. Clearly, Massachusetts has, by statute, provided for a comprehensive regulation of the insurance business, and in particular for the detailed regulation of joint activity by insurance companies for the fixing of premium rates. Of course, such state regulation should, as plaintiff agrees, be effective if it is to exempt insurance companies from the federal antitrust laws. Plaintiff, however, does not seem to argue that the state statutory scheme in general is a sham or a pretense of regulation. His only contention as to ineffectiveness is that the Massachusetts system, by providing that rates may become effective on filing, subject to later disallowance by the Commissioner, rather than requiring positive approval by the Commissioner before the rates go into effect, fails to provide effective regulation.

▉ The McCarran-Ferguson Act does not prescribe a specific form of regulation to be adopted by the states. It is enough that the state should generally regulate the business of insurance by providing general standards of conduct and providing procedures for effectuating those standards. A provision under which the Commissioner has the power at any time after filing to set aside rates which he finds, after notice and hearing, do not conform to the standards provided by the statute, is clearly a reasonably effective way of effectuating those standards.[1] To satisfy the requirements of the McCarran-Ferguson Act, state procedure need not be what plaintiff, or the courts, think is the wisest or the most effective type of regulation. Allstate Insurance Company v. Lanier, 4 Cir., 361 F.2d 870; California League of Independent Insurance Producers v. Aetna Casualty & Surety Company, D. C., 175 F.Supp. 857; Ohio AFL–CIO v. The Insurance Rating Board, F.Supp. (C.A. No. 68–254, Southern District of Ohio, Eastern Division, February 17, 1971).

▉ Apart from the provisions of the McCarran-Ferguson Act, there is a further ground for dismissal of this action. The combination complained of here, the

---

[1]. The rates of which plaintiff specifically complains were filed on December 30, 1969, to become effective on December 31, 1969. An order of the Commissioner on December 30, 1969, purported to set aside these rates. It was subsequently held that this order was ineffective because of the Commissioner's failure to comply with the notice and hearing provision of G.L. Chapter 175A, § 7a. Insurance Rating Board v. Commissioner of Insurance, Mass., 260 N.E.2d 922, 1970 Mass.Ad.Sh. 1285. A single instance of failure to set aside rates because of a procedural error, not likely to be repeated now that the matter has been clarified by the state court decision, does not establish that the regulatory scheme is not substantially effective.

participation in the activities of the Insurance Rating Board, is one specifically authorized by the state as part of a general plan for regulation of the insurance industry. It is subject to specific standards and regulations imposed by the state, and its actions remain subject to ultimate approval or disapproval by an independent state official. As such, it partakes of the character of state action not subject to the antitrust laws. Parker v. Brown, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315; Miley v. John Hancock Mutual Life Insurance Co., D.C., 148 F. Supp. 299, affirmed, 1 Cir., 242 F.2d 758; Washington Gas Light Co. v. Virginia Electric and Power Co., 438 F.2d 248 (C.A.4, February 12, 1971).

Defendant's motion to dismiss is allowed.