**LAWYERS TITLE COMPANY OF MISSOURI, a corporation, Appellant,**

v.

**ST. PAUL TITLE INSURANCE CORPORATION, a corporation, Appellee.**

No. 75–1475.

United States Court of Appeals, Eighth Circuit.

Decided Dec. 8, 1975.

---

2. District Court Opinion, Finding of Fact 28, App. at 153a.

3. App. at 77a, 78a.

4. Exhibits P–2 to P–9, App. at 127a–134a.

Chester A. Love, Clayton, Mo., for appellant.

Robert S. Allen, St. Louis, Mo., for appellee.

Before GIBSON, LAY and ROSS, Circuit Judges.

LAY, Circuit Judge.

The Lawyers Title Company of Missouri brings this suit under the Sherman and Clayton Acts, 15 U.S.C. §§ 2 and 26, alleging that the defendant St. Paul Title Insurance Company has unfairly restrained competition through predatory pricing of title insurance in the metropolitan area of St. Louis. Plaintiff charges that the defendant is selling real property title insurance in the St. Louis area at prices lower than those the defendant charges in other areas of Missouri.

The defendant asserts that the McCarran-Ferguson Act, 15 U.S.C. § 1012, exempts it from federal antitrust regulation. The district court sustained the motion to dismiss the complaint because the practices challenged in the complaint were regulated by Missouri insurance laws and were therefore not subject to federal antitrust statutes. This appeal followed. We affirm.

The McCarran-Ferguson Act provides in part:

No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, . . . unless such Act specifically relates to the business of insurance; *Provided,* That . . . the Sherman Act and . . . the Clayton Act, and . . . the Feder-

al Trade Commission Act, as amended, shall be applicable *to the business of insurance to the extent that such business is not regulated by State law.* 15 U.S.C. § 1012(b) (emphasis added).

▇ The fundamental issue is whether Missouri statutes "regulate" pricing practices in the title insurance industry within the meaning of the McCarran-Ferguson Act. We find, as did the district court, that Missouri law does so regulate the industry. Chapter 381 of the Revised Statutes of Missouri (1969) applies specifically to title insurance carriers. Section 381.100 of that chapter governs title insurance pricing and the first sentence of that section makes specific reference to price discrimination:

> Title insurance risk rates shall be reasonable and adequate for the class of risks to which they apply, *and shall not be unfairly discriminatory* between risks involving essentially the same hazards  .  .  .  .

Mo.Rev.Stat. § 381.100 (1969).

This and other provisions of Missouri law are to be enforced by the State Superintendent of Insurance, who is empowered by Mo.Rev.Stat. § 381.120 (1969) to conduct periodic examinations of accounts, to require reports and to hold public hearings to determine whether title insurance carriers are complying with all statutory duties.

Defendant argues that although the Missouri statutes do provide a general standard governing title insurance prices, in practice the state does not actively supervise or control title insurance rates. It is further argued that Missouri's statutes are so different from the federal antitrust legislation that Missouri law will not be "invalidated, impaired, or superseded" by application of the Sherman and Clayton Acts.

▇ The Sixth Circuit has held "[I]f a state has generally authorized or permitted certain standards of conduct, it is regulating the business of insurance under the McCarran Act." *Ohio AFL–CIO v. Insurance Rating Board*, 451 F.2d 1178, 1181 (6th Cir. 1971), *cert. denied*, 409 U.S. 917, 93 S.Ct. 215, 34 L.Ed.2d 180 (1972). We agree, and hold that if the state statute generally regulates the pricing schedules and conduct of the insurance companies, this suffices to exempt the insurance carriers so regulated from federal antitrust suits. *See Fleming v. Travelers Indemnity Co.*, 324 F.Supp. 1404, 1406 (D.Mass.1971).

▇ The Missouri statutes present a comprehensive scheme for control of title insurance pricing. Plaintiff's basic complaint is that this state regulation has been ineffective. However, the McCarran Act exemption does not depend on the zeal and efficiency displayed by a state in enforcing its laws. Congress has provided that exemption whenever there exists a state statute or regulation capable of being enforced. *See Ohio AFL–CIO v. Insurance Rating Board, supra.* Once the existence of such regulatory authority has been ascertained, federal enforcement must yield to the state.

The decision in *United States v. Chicago Title and Trust Co.*, 242 F.Supp. 56 (N.D.Ill.1965) is not to the contrary. There, the United States sued under § 7 of the Clayton Act to block the defendant's acquisition of 90% of the stock of a Missouri-based title insurer, alleging that the transaction would substantially lessen competition. The defendant argued that Missouri's regulation of title insurance, including rates, gave rise to McCarran Act immunity. The district court held that the McCarran Act would not block the suit, but on two grounds which are not present in the instant case. First, the court found that the defendant transacted no business in Missouri so that Missouri statutes could not constitutionally be applied to it in any event, 242 F.Supp. at 58, 60–61. Since Missouri could not in accord with due process regulate the defendant, Missouri statutes could not give that defendant a McCarran Act exemption. Second, the court held that in any event, Missouri statutes did not in fact regulate stock acquisitions which would lessen competition. 242 F.Supp. at 71–72. In the in-

stant case, however, the defendant St. Paul Title Insurance Corporation is fully subject to the laws of Missouri and as has been shown, those statutes do expressly regulate price discrimination. That is sufficient to invoke the exemption. *See Commander Leasing Co. v. Transamerica Title Ins. Co.,* 477 F.2d 77 (10th Cir. 1973); *Schwartz v. Commonwealth Land Title Ins. Co.,* 374 F.Supp. 564 (E.D.Pa.1974); *Fleming v. Travelers Indemnity Co.,* 324 F.Supp. 1404, 1406 (D.Mass.1971); *California League of Independent Ins. Producers v. Aetna Casualty & Surety Co.,* 175 F.Supp. 857 (N.D. Cal.1959).

The judgment of the district court is affirmed.