## FEDERAL TRADE COMMISSION *v.* NATIONAL CASUALTY CO.

No. 435.   Argued April 9–10, 1958.—Decided June 30, 1958.*

*Ralph S. Spritzer* argued the causes for petitioner.   On the brief were *Solicitor General Rankin, Earl W. Kintner* and *James E. Corkey.*

*John F. Langs* argued the cause and filed a brief for respondent in No. 435.

*J. D. Wheeler* argued the cause and filed a brief for respondent in No. 436.

A brief of *amici curiae* urging affirmance was filed by *Paul L. Adams,* Attorney General of Michigan, *Samuel J. Torina,* Solicitor General, and *Stanton S. Faville,* Chief

*Together with No. 436, *Federal Trade Commission* v. *American Hospital & Life Insurance Co.,* on certiorari to the United States Court of Appeals for the Fifth Circuit.

Assistant Attorney General, joined in by State Attorneys General *Robert Morrison* of Arizona, *Bruce Bennett* of Arkansas, *Duke W. Dunbar* of Colorado, *John J. Bracken* of Connecticut, *Richard W. Ervin* of Florida, *Eugene Cook* of Georgia, *Latham Castle* of Illinois, *Edwin K. Steers* of Indiana, *Norman A. Erbe* of Iowa, *John Anderson, Jr.* of Kansas, *Jo M. Ferguson* of Kentucky, *Jack P. F. Gremillion* of Louisiana, *C. Ferdinand Sybert* of Maryland, *John M. Dalton* of Missouri, *Clarence S. Beck* of Nebraska, *Harvey Dickerson* of Nevada, *Louis C. Wyman* of New Hampshire, *Fred M. Standley* of New Mexico, *Louis J. Lefkowitz* of New York, *Leslie R. Burgum* of North Dakota, *William Saxbe* of Ohio, *Mac Q. Williamson* of Oklahoma, *Robert Y. Thornton* of Oregon, *Thomas D. McBride* of Pennsylvania, *J. Joseph Nugent* of Rhode Island, *T. C. Callison* of South Carolina, *Phil Saunders* of South Dakota, *George F. McCanless* of Tennessee, *Will Wilson* of Texas, *E. Richard Callister* of Utah, *A. S. Harrison, Jr.* of Virginia, *Frederick M. Reed* of Vermont, *John J. O'Connell* of Washington, *W. W. Barron* of West Virginia, *Stewart G. Honeck* of Wisconsin and *Thomas O. Miller* of Wyoming.

Briefs of *amici curiae* urging affirmance were also filed by *Franklin J. Marryott, L. J. Carey, Joseph P. Craugh, John W. Joanis* and *Garl Watkins* for the American Mutual Insurance Alliance, *Whitney North Seymour* for the Health Insurance Association of America, and *Hugh B. Cox* and *H. Thomas Austern* for the Life Insurance Association of America and the American Life Convention.

PER CURIAM.

The Courts of Appeals for the Fifth and Sixth Circuits have set aside cease-and-desist orders of the Federal Trade Commission prohibiting respondent insurance companies from carrying on certain advertising practices

found by the Commission to be false, misleading, and deceptive, in violation of the Federal Trade Commission Act, 15 U. S. C. § 45.[1] These orders seek to proscribe activities within the boundaries of States that have their own statutes prohibiting unfair and deceptive insurance practices as well as within States that do not. The courts below concluded that in view of the existence of these statutes, the McCarran-Ferguson Act, 15 U. S. C. §§ 1011–1015, prohibits the Federal Trade Commission from regulating such practices within the States having these statutes. We granted certiorari to review this interpretation of an important federal statute. 355 U. S. 867.

Respondents, the National Casualty Company in No. 435 and the American Hospital and Life Insurance Company in No. 436, engage in the sale of health and accident insurance. National is licensed to sell policies in all States, as well as the District of Columbia and Hawaii, while American is licensed in fourteen States. Solicitation of business for National is carried on by independent agents who operate on commission. The company's advertising material is prepared by it and shipped in bulk to these agents, who distribute the material locally and assume the expense of such dissemination. Only an insubstantial amount of any advertising goes directly by mail from the company to the public, and there is no use of radio, television, or other means of mass communication by the company. American does not materially differ from National in method of operation.

The pertinent portions of the McCarran-Ferguson Act are set forth in the margin.[2] An examination of that

---

[1] The decision of the Court of Appeals for the Fifth Circuit is reported at 243 F. 2d 719. The decision of the Court of Appeals for the Sixth Circuit is reported at 245 F. 2d 883.

[2] "That the Congress hereby declares that the continued regulation and taxation by the several States of the business of insurance is

statute and its legislative history establishes that the Act withdrew from the Federal Trade Commission the authority to regulate respondents' advertising practices in those States which are regulating those practices under their own laws.[3]

Petitioner asserts that for constitutional reasons the McCarran-Ferguson Act should be construed to authorize federal regulation in these cases. It is urged that because Congress understood that in accordance with due process there are territorial limitations on the power of the States to regulate an interstate business, it did not intend to foreclose federal regulation of interstate insurance as a supplement to state action.[4] However, petitioner con-

---

in the public interest, and that silence on the part of the Congress shall not be construed to impose any barrier to the regulation or taxation of such business by the several States.

"Sec. 2. (a) The business of insurance, and every person engaged therein, shall be subject to the laws of the several States which relate to the regulation or taxation of such business.

"(b) No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, or which imposes a fee or tax upon such business, unless such Act specifically relates to the business of insurance: *Provided,* That after June 30, 1948, . . . the Sherman Act, . . . the Clayton Act, and . . . the Federal Trade Commission Act . . . shall be applicable to the business of insurance to the extent that such business is not regulated by State law. . . ." 59 Stat. 33, as amended, 61 Stat. 448, 70 Stat. 908.

[3] The crucial proviso in Section 2 (b) was the subject of extended debate. See, especially, the remarks of Senator McCarran, 91 Cong. Rec. 1443, and Senator Ferguson, 91 Cong. Rec. 1481. A substantial amount of material appears during the formulating period of the McCarran-Ferguson Act. See, *e. g.,* S. Rep. No. 20, 79th Cong., 1st Sess.; H. R. Rep. No. 143, 79th Cong., 1st Sess., and the remarks of Senators Ferguson, Murdock, and Radcliffe, 91 Cong. Rec. 482–483, and of Representatives Hancock and Gwynne, 91 Cong. Rec. 1087, 1089–1090.

[4] Cf., *e. g.,* H. R. Rep. No. 143, 79th Cong., 1st Sess. 3, and 91 Cong. Rec. 1442.

cedes that this constitutional infirmity on the power of the States does not operate to hinder state regulation of the advertising practices of the respondents in the instant cases. Whatever may have been the intent of Congress with regard to interstate insurance practices which the States cannot for constitutional reasons regulate effectively, that intent is irrelevant in the cases before us. Respondents' advertising programs require distribution by their local agents, and there is no question but that the States possess ample means to regulate this adver-) tising within their respective boundaries. Cf., *e. g.*, *Robertson* v. *California*, 328 U. S. 440, 445, n. 6, 461.[5]

Petitioner also argues in a different vein that even if the McCarran-Ferguson Act bars federal regulation where state regulation has been effectively applied, the exercise of Commission authority in these cases should be upheld because the States have not "regulated" within the meaning of the Section 2 (b) proviso. This argument is not persuasive in the instant cases. Each State in question has enacted prohibitory legislation which proscribes unfair insurance advertising and authorizes enforcement through a scheme of administrative supervision.[6] Petitioner does not argue that the statutory provisions here under review were mere pretense. Rather, it urges that a general prohibition designed to guarantee certain standards of conduct is too "inchoate" to be "regulation" until that prohibition has been crystallized into "administrative elaboration of these standards and application in individual cases." However, assum-

---

[5] See also *Hoopeston Canning Co.* v. *Cullen*, 318 U. S. 313; *Osborn* v. *Ozlin*, 310 U. S. 53.

[6] At the time the complaints were filed thirty-six States had enacted the "Model Unfair Trade Practices Bill for Insurance." Eight others had statutes essentially the same in effect as the "Model Bill."

ing there is some difference in the McCarran-Ferguson Act between "legislation" and "regulation," nothing in the language of that Act or its legislative history supports the distinctions drawn by petitioner. So far as we can determine from the records and arguments in these cases, the proviso in Section 2 (b) has been satisfied.

The judgments of the Courts of Appeals are

*Affirmed.*