**TRAVELERS HEALTH ASSOCIATION,**
Petitioner,

v.

**FEDERAL TRADE COMMISSION,**
Respondent.

No. 15743.

United States Court of Appeals
Eighth Circuit.

Jan. 13, 1959.

C. C. Fraizer, Lincoln, Neb. (T. J. Fraizer and Fraizer & Fraizer, Lincoln, Neb., on the brief), for petitioner.

James E. Corkey, Asst. General Counsel, Federal Trade Commission, Washington, D. C. (Earl W. Kintner, General Counsel, and J. B. Truly, Alvin L. Berman, Edwin S. Rockefeller and Frederick H. Mayer, Attorneys, Federal Trade Commission, Washington, D. C., on the brief), for respondent.

Clarence S. Beck, Atty. Gen. of the State of Nebraska, and Ralph D. Nelson, Asst. Atty. Gen. of the State of Nebraska, filed brief for the State of Nebraska, as Amicus Curiæ, in support of petitioner. Joinders in the Amicus Curiæ brief of the State of Nebraska with respect to the question of the jurisdiction of the Federal Trade Commission were filed by the following: Bruce Bennett, Atty. Gen., for the State of Arkansas; John J. Bracken, Atty. Gen., of the State of Connecticut; Richard W. Ervin, Atty. Gen., for the State of Florida; Eugene Cook, Atty. Gen., for the State of Georgia; Norman A. Erbe, Atty. Gen., for the State of Iowa; Jo M. Ferguson, Atty. Gen., and Earle V. Powell, Asst. Atty. Gen., for the Commonwealth of Kentucky; Jack P. F. Gremillion, Atty. Gen., for the State of Louisiana; Rufus

D. Hayes, Baton Rouge, La., Comm. of Ins. of the State of Louisiana; Frank F. Harding, Atty. Gen., for the State of Maine; C. Ferdinand Sybert, Atty. Gen., for the State of Maryland; Thomas M. Kavanagh, Atty. Gen. of the State of Michigan; Fred M. Standley, Atty. Gen., for the State of New Mexico; Louis J. Lefkowitz, Atty. Gen., of the State of New York; Leslie R. Burgum, Atty. Gen., for the State of North Dakota; T. C. Callison, Atty. Gen., for the State of South Carolina; E. R. Callister, Atty. Gen., for the State of Utah; Frederick M. Reed, Atty. Gen., for the State of Vermont; Kenneth C. Patty, Atty. Gen., for the Commonwealth of Virginia; Stewart G. Honeck, Atty. Gen., of the State of Wisconsin; Thomas O. Miller, Atty. Gen., for the State of Wyoming; Duke W. Dunbar, Atty. Gen., of the State of Colorado.

Whitney North Seymour, New York City, and Simpson, Thacher & Bartlett, New York City, filed brief for The Health Insurance Ass'n of America, amici curiæ.

Before SANBORN, JOHNSEN and VOGEL, Circuit Judges.

SANBORN, Circuit Judge.

Travelers Health Association, of Omaha, Nebraska, by a petition to review, challenges the validity of a cease and desist order of the Federal Trade Commission dated December 20, 1956. The order was based upon a determination by the Commission (1) that it had jurisdiction to regulate the advertising practices of the petitioner in the promotion and sale, by mail, of insurance against disability caused by sickness, and (2) that certain of the petitioner's practices were false, misleading and deceptive within the meaning of the Federal Trade Commission Act, 15 U.S.C. § 45, 15 U.S.C.A. § 45. The order under review prohibited the petitioner from carrying on the practices found by the Commission to be unlawful.

The petitioner contended before the Commission, and contends here: 1. That the Commission was precluded by the McCarran-Ferguson Act, 15 U.S.C. § 1011–1015, 15 U.S.C.A. § 1011–1015, from regulating the advertising practices of the petitioner, since its insurance business was subject to State laws "which relate to the regulation * * * of such business." [1] 2. That none of the advertising practices proscribed by the Commission was false, misleading or deceptive.

The case was first argued and submitted to this Court on November 13, 1957. Decision was deferred pending the disposition by the Supreme Court of the cases of American Hospital & Life Insurance Co. v. Federal Trade Commission, 5 Cir., 243 F.2d 719, and National Casualty Company v. Federal Trade Commission, 6 Cir., 245 F.2d 883, to review which the Supreme Court granted certiorari on November 12, 1957. 355 U.S. 867, 78 S.Ct. 119, 2 L.Ed.2d 73. In those cases, it was held by the respective Courts of Appeals that, because of the McCarran-Ferguson Act, the Federal

---

1. The pertinent portions of the McCarran-Ferguson Act, 59 Stat. 33, as amended, 61 Stat. 448, are as follows:

"That the Congress hereby declares that the continued regulation and taxation by the several States of the business of insurance is in the public interest, and that silence on the part of the Congress shall not be construed to impose any barrier to the regulation or taxation of such business by the several States.

"Sec. 2 (a) The business of insurance, and every person engaged therein, shall be subject to the laws of the several States which relate to the regulation or taxation of such business.

"(b) No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, or which imposes a fee or tax upon such business, unless such Act specifically relates to the business of insurance: *Provided*, That after June 30, 1948, the [Sherman] Act, * * * the Clayton Act, and * * * the Federal Trade Commission Act * * * shall be applicable to the business of insurance to the extent that such business is not regulated by State law."

Trade Commission had exceeded its jurisdiction in attempting to regulate the advertising practices of the insurers there involved. A reversal of those decisions would have settled the problem of the Commission's jurisdiction in its favor in the instant case. However, on June 30, 1958, the Supreme Court, in a Per Curiam opinion, affirmed the judgments in both cases. Federal Trade Commission v. National Casualty Co., and Federal Trade Commission v. American Hospital and Life Insurance Co., 357 U.S. 560, 78 S.Ct. 1260, 2 L.Ed.2d 1540. In its opinion, the Supreme Court said of the McCarran-Ferguson Act (at pages 562–563 of 357 U.S., at page 1261 of 78 S.Ct.):

> " * * * An examination of that statute and its legislative history establishes that the Act withdrew from the Federal Trade Commission the authority to regulate respondents' [the insurers'] advertising practices in those States which are regulating those practices under their own laws."

At our direction, the question of the Commission's jurisdiction over the advertising practices of the petitioner in the instant case was reargued and the case finally submitted on September 13, 1958.

The obvious purpose of the McCarran-Ferguson Act was to remove the cloud cast by the case of United States v. South-Eastern Underwriters Association, 322 U.S. 533, 64 S.Ct. 1162, 88 L.Ed. 1440, upon the right of the States to continue to regulate and to tax interstate insurance business under their own laws, as they had done for some seventy-five years. The history and effect of the Act has already been adequately explained. See Prudential Insurance Co. v. Benjamin, 328 U.S. 408, 429–431, 66 S.Ct. 1142, 90 L.Ed. 1342; Maryland Casualty Co. v. Cushing, 347 U.S. 409, 413, 74 S. Ct. 608, 98 L.Ed. 806; North Little Rock Transportation Co., Inc. v. Casualty Reciprocal Exchange, 8 Cir., 181 F.2d 174, 176; American Hospital & Life Insurance Co. v. Federal Trade Commission,

5 Cir., 243 F.2d 719; National Casualty Company v. Federal Trade Commission, 6 Cir., 245 F.2d 883, 887–888; Securities and Exchange Commission v. Variable Annuity Life Ins. Co. of America, D.C.D.C., 155 F.Supp. 521, 527.

The petitioner asserts that its insurance business, including its advertising practices, is regulated by State law within the meaning of the McCarran-Ferguson Act, and that, under Section 2 (a) and (b) of the Act, the Commission is clearly without authority to do any additional or supplemental regulating of petitioner's advertising practices.

The Federal Trade Commission contends that the Supreme Court, in its decision of June 30, 1958, in the National Casualty Company and American Hospital & Life Insurance Co. cases, merely held that the States possess ample means to regulate insurance advertising disseminated by companies licensed to do business in those States and represented by agents located within their boundaries; that the Court expressly refrained from ruling upon the applicability of the McCarran-Ferguson Act to the mail order insurance business; that no amount of State regulation of insurance advertising can effectively stop the influx into a State of deceptive advertising material mailed by an out of State company doing a mail order insurance business; that, under the proviso of Section 2(b) of the McCarran-Ferguson Act, the Federal Trade Commission Act is applicable to the petitioner's advertising practices; and that the Commission has jurisdiction.

The Supreme Court, in its opinion of June 30, 1958, in the National Casualty Company and American Hospital & Life Insurance Co. cases, decided no more than it was required to decide, and confined its opinion to the exact factual situation presented. That court, as the Commission says, was dealing with the advertising practices of insurers operating through agents in States in which the insurers were licensed. In the instant case the petitioner is licensed only in the States of Nebraska and Virginia. It

sends letters soliciting insurance by mail throughout the United States. It has policyholders in every State in the Union, and all of its business is transacted through the mail at its home office in Omaha. It pays taxes to Virginia on premiums collected from its insureds in that State, but pays all other premium taxes to Nebraska. Since its incorporation in 1904, the petitioner has been supervised, regulated and periodically examined by the Insurance Department of the State of Nebraska. That the laws of that State are adequate to enable the Nebraska Insurance Department to deal effectively with any unfair advertising practice of the petitioner or of any other insurer domiciled in that State cannot be questioned.

The Nebraska "Unfair Competition and Trade Practices" Act of 1947 (Secs. 44-1501 to 44-1521, Revised Statutes of Nebraska 1943, Reissue 1952) as amended in 1957 (Secs. 44-1501 et seq., Revised Statutes of Nebraska 1943, 1957 Cumulative Supplement) expressly prohibits an insurer domiciled in that State from engaging there or elsewhere in any "unfair or deceptive acts and practices in the conduct of the business of insurance." § 44-1503. The Act empowers the Director of Insurance (1) to prefer charges against any such insurer if he has reason to believe that it has, in Nebraska or elsewhere, engaged "in any unfair or deceptive acts or practices in the conduct of such business," and to give the insurer notice of a hearing on the charges (§ 44-1506); (2) to take evidence at the hearing (§ 44-1507); and (3) to issue a cease and desist order if he determines that the insurer has engaged in the wrongful acts and practices with which it is charged. (§ 44-1509.)

At the time the Commission entered the order under review, the Nebraska Act did not expressly authorize the Director of Insurance to deal with unfair and deceptive trade practices engaged in, in other states, by an insurer domiciled in Nebraska. That, we think, is of no substantial consequence. The validity of the order under review depends upon the law presently applicable. A substantial change in applicable law, occurring after the entry of an order or judgment, which alters the rule governing a case will ordinarily be given effect on review. See and compare, Trapp v. Metropolitan Life Insurance Co., 8 Cir., 70 F.2d 976, 982, and cases cited. Moreover, we think the Director of Insurance of Nebraska at all times here involved had the power to regulate the practices of the petitioner in the solicitation of insurance in Nebraska and other states.

It must be kept in mind that the business of the petitioner was all done at or from its home office in Omaha. There its solicitation material originated and was mailed; there the applications for insurance induced by solicitation were received; there all policy contracts were written; and there all premiums were paid. With every activity of the petitioner, in the conduct of its business, subject to the supervision and control of the Director of Insurance of Nebraska, we think that the petitioner's practices in the solicitation of insurance by mail in Nebraska or elsewhere reasonably and realistically cannot be held to be unregulated by State law.

In our opinion, there is no controlling distinction between the instant case and the National Casualty Company and American Hospital & Life Insurance Co. cases. We think that the advertising practices of the petitioner are regulated by State law within the letter and spirit of the McCarran-Ferguson Act, and that the Act has placed such practices beyond the regulatory power of the Commission.

The order under review is vacated on the ground that the Federal Trade Commission is, and was, without authority to regulate the practices of the petitioner in soliciting insurance.

VOGEL, Circuit Judge (dissenting).

I do not dispute the majority's contention that "A substantial change in applicable law, occurring after the entry of an order or judgment, which alters the rule governing a case will ordinarily be

given effect on review", but I do not believe here that the after-the-fact amendment of the Nebraska Code to include deceptive practices "in any other state" is the kind of regulation by state law Congress had in mind. To force the citizens of other states to rely upon Nebraska's regulation of the long distance advertising practices of the petitioner in the promotion and sale by mail or otherwise of insurance outside the State of Nebraska seems to me impractical and ineffective. This is much too frail a reed upon which to lean. The petitioner's mail order business is not regulated and cannot be regulated by the laws of the states whose citizens are subjected to the mail disseminated advertising. I believe the order of the Federal Trade Commission falls squarely within the purview of the Section 2(b) proviso of the McCarran-Ferguson Act and should be sustained.