Albert GERECHT, Plaintiff,

v.

The **AMERICAN INSURANCE COM-PANY** et al., Defendants.

Civ. A. No. 18719-3.

United States District Court,
W. D. Missouri, W. D.

April 22, 1971.

S. W. Longan, Wayne A. Tenenbaum, Kansas City, Mo., for plaintiff.

Harry P. Thomson, Jr., Shughart, Thomson & Kilroy, Kansas City, Mo., for defendants Selective Ins. Co. and Transit Casualty & Beneficial Standard Life.

William H. Sanders, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., for defendants Firemen's Fund, Am. Ins. Co., Assoc. Indem. Corp., N. W. National and Excalibur Ins. Corp. of Minn.

ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS, GRANTING IN PART DEFENDANTS' MOTIONS FOR A MORE DEFINITE STATEMENT, DENYING PLAINTIFF'S MOTIONS FOR ADDITIONAL TIME AND TO ADD PARTIES DEFENDANT WITHOUT PREJUDICE, DENYING DEFENDANTS' MOTIONS

TO STRIKE, GRANTING MOTIONS FOR VISITING LAWYERS TO APPEAR, AND DIRECTING PLAINTIFF TO SUBMIT PROPOSED SECOND AMENDED COMPLAINT

WILLIAM H. BECKER, Chief Judge.

The amended complaint was filed herein on February 22, 1971. Therein, plaintiff states that:

"This action is instituted under Section 4 of the Act of Congress of October 5, [15] 1914, c. 323, 38 Stat. 731 (15 U.S.C. § 15), to recover treble damages and the cost of suit, including a reasonable attorneys' fee, against the defendants for the injuries sustained by the plaintiff by reason of the defendants' violations of Section 1 of the Act of Congress of July 2, 1890, c. 646 [647], 26 Stat. 209, 15 U.S.C. § 1, commonly known as the Sherman Act, as hereinafter alleged."

Plaintiff then sets out six "claims," which are summarized as follows:

(1) The first claim against defendants American Insurance Company, Associated Indemnity Corporation and Fireman's Fund Insurance Company states that from June 1969 to and including the time of the filing of the complaint, the defendants "have been engaged in a combination and conspiracy in unreasonable restraint of the aforesaid interstate commerce in insurance in violation of Section 1 of the Sherman Act (15 U.S.C. § 1)" and that the conspiracy "has consisted of a continuing agreement" to eliminate competition between American and Associated in the sale of insurance and the employment of independent agents; to "utilize and adhere to an identical insurance agreement for independent insurance agents"; to "refuse to deal with any independent insurance agent unless he consented to sign the aforesaid insurance agency agreement"; to "fix, stabilize and maintain the commission rates payable to independent insurance agents"; to "have American and Associated act

jointly when terminating the aforesaid insurance agency agreement of any independent insurance agents"; and "terminate the insurance agency agreement of any independent insurance agent whose insurance agency is located in or near a ghetto"; to "eliminate and destroy the business of any independent insurance agent whose insurance agency is located in or near a ghetto"; and to "deprive the residents of ghettos of the opportunity to purchase insurance." It is further stated that the conspiracy had the following effects, "among others": the restraining, suppression and elimination of competition in the sale of insurance and the employment of independent insurance agents; deprival of the opportunity for independent insurance agents to negotiate individual insurance agency contracts and commission rates; eliminating and destroying the business of independent insurance agents; the terminating of agency agreements of independent insurance agents without just cause; and depriving "residents of ghettos throughout the United States . . . of the opportunity to purchase insurance." Plaintiff therefore states that he has been "injured and financially damaged in an amount presently undetermined but estimated to be not less than $250,000.00."

(2) The second claim constitutes substantially the same allegations and the same claim for damages in the same amount for a conspiracy from June 1969 among defendants Transit Casualty Company, Selective Insurance Company and Beneficial Standard Life Insurance Company.

(3) The third claim is an allegation of the same type of conspiracy among all of the defendants, as a result of which plaintiff claims to have been injured and financially damages in "an amount presently undetermined but estimated to be not less than $400,000.00."

(4) The fourth claim is against defendants American, Associated and Fireman's Fund alleging defendants' "willful and wrongful cancellation of plaintiff's contract" as a result of which plaintiff was damaged in the following respects: interference with business as a result of possible clientele being advised of the cancellation; conversion of customers by defendants by the same means; injury to reputation and good name; loss of clientele and accounts; and elimination of plaintiff's ability "to write insurance in specific geographical areas wherein ghettos are located and where high risk contracts are written." Plaintiff therefore demands damages of $250,000.00 and punitive damages of $5,000,000.00.

(5) The fifth claim is substantially the same claim for same amounts of actual and punitive damages against defendants Transit, Selective and Beneficial.

(6) The sixth claim is the same claim, demanding the same amounts of damages, against all defendants.

The following motions are currently pending in this action:

(1) "Joint and Separate Motions of Defendants Fireman's Fund American Life Insurance Company, the American Insurance Company and Associated Indemnity Corporation to Dismiss, or in the alternative, for a more definite statement," filed November 2, 1970;

(2) "Motion of defendant American Premier Insurance Company to dismiss, or in the alternative, for a more definite statement," filed November 2, 1970;

(3) "Motion of defendant Selective Insurance Company to dismiss, or in the alternative, for a more definite statement of plaintiff's complaint, or in the alternative, motion to strike portions of plaintiff's complaint," filed November 2, 1970;

(4) Plaintiff's "motion for order granting permission of visiting

lawyers to appear in a particular case," filed February 24, 1971;

(5) Plaintiff's "motion to add parties defendant," filed February 24, 1971;

(6) "Joint and Separate Motions of Defendants American Insurance Company, Associated Indemnity Corporation, and Fireman's Fund Insurance Company to dismiss, or in the alternative, for a more definite statement," filed March 3, 1971;

(7) Plaintiff's "motion for extension of time to file suggestions in opposition or otherwise plead to defendant's motions to dismiss or motions for a more definite statement," filed March 12, 1971; and

(8) "Motion of defendants American Insurance Company, Associated Indemnity Corporation, and Fireman's Fund Insurance Company for an order granting permission to visiting lawyers to appear in this case," filed March 17, 1971.

The motions to dismiss, some of which were filed prior to the filing of the amended complaint, as now applicable, generally assert the same claims: (1) failure to state a claim under the Sherman Anti-Trust Act in claims one, two and three; (2) failure to state a claim for either actual or punitive damages in claims four, five and six; and (3) lack of complete diversity of citizenship to sustain federal jurisdiction of claims four, five and six.

With respect to the first contention, as noted above, plaintiff invokes federal jurisdiction and seeks to state claims in "claims" one, two and three under Section 15 of Title 15, United States Code, which provides as follows:

"Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."

Section 1 of the same title in turn provides, with certain provisos, that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal." Viewing the complaint in the light most favorable to plaintiff, in accordance with the rule of Conley v. Gibson, 355 U.S. 41, 45–6, 78 S.Ct. 99, 2 L.Ed.2d 80; Great Atlantic & Pacific Tea Co. v. Amalgamated Meat Cutters & Butcher Workmen of North America (C.A.8) 410 F.2d 650; and Leimer v. State Mut. Life Assur. Co. (C.A. 8) 108 F.2d 302, plaintiff, in stating conclusionally in his first three "claims" that he has been injured in his business as a proximate result of a conspiracy in restraint of trade among defendants, has possibly stated a claim under the Sherman Anti-Trust Act. As will be noted later, the statement is imperfect in respects which may be amendable.

Defendants, however, contend that plaintiff cannot state any claim under the Sherman Anti-Trust Act because Section 1012 of Title 15, United States Code, makes that Act "applicable to the business of insurance to the extent that such business is not regulated by State law." Defendants accordingly contend that:

"The Missouri anti-trust laws apply to combinations and conspiracies among insurance companies. Section 416.010 et seq., R.S.Mo. [V.A.M.S.] specifically see Sections 416.020, 416.040, 416.-080 and 416.290, R.S.Mo. [V.A.M.S.] Moreover, the Missouri statutes dealing specifically with insurance companies contain additional anti-trust provisions applicable only to insurance companies. Section 375.930 et seq. R. S.Mo.

"In addition, the Missouri statutes contain specific provisions concerning

the matter of fixing, stabilizing and maintaining commission rates payable to insurance agents. Section 375.315 [379.315], et seq. R.S.Mo. [V.A.M.S.] The Supreme Court of Missouri En Banc, has specifically held that agreements by insurance companies to pay fixed commissions do not violate the anti-trust laws of Missouri. State [on Inf. of Taylor] v. American Insurance Co. [355 Mo. 1053,], 200 S.W.2d 1 (Mo. En Banc 1947). Where state law governs the matter of premium rates, the McCarran-Ferguson Act makes it clear that plaintiff's allegations with respect to fixing commission rates do not state a cause of action under the Sherman Act. California League of Independent Insurance Producers v. Aetna Casualty & Surety Co., 175 F. Supp. 857 (N.D.Cal.1959); North Little Rock Transportation Co. v. Casualty Reciprocal Exchange, 181 F.2d 174 (8th Cir. 1950), cert. denied 340 U.S. 823, 95 L.Ed. 604, 75 [71] S.Ct. 56."

It has been noted, however, that Section 1012 of Title 15, *supra,* does not "exempt the business of insurance from the coverage of all federal statutes which do not specifically state that their provisions are applicable to insurance" and that for a party to avail itself of this exemption, it "must show that the application of the [federal statute] would 'invalidate, impair or supersede any law enacted by any State for the purpose of regulating the business of insurance.' 15 U.S.C. § 1012(b)." Hamilton Life Ins. Co. of New York v. Republic National Life Ins. Co. (C.A.2) 408 F.2d 606, 611. The statutes above cited by the defendants outlaw agreements to fix prices or to limit production, including "the price or premium to be paid for insuring property against loss or damage by fire, lightning or storm, or to maintain said price when so regulated or fixed" (§ 416.020 RSMo, V.A.M.S.); outlaw all "arrangements, contracts, agreements, combinations or understandings" in restraint of "full and free competition" in respect to any article or which tend to increase the price of any

article "including the price or premium to be paid for insuring property against loss or damage by fire, lightning or storm" (§ 416.040 RSMo, V.A.M.S.); provide for penalties in the form of forfeiture of corporate charter for such activities (§ 416.080 RSMo, V.A.M.S.); provide that a showing that an insurance company "or any agent or representative thereof, in writing insurance, has used any insurance rate, or made use of or consulted any rate book, paper or card containing any insurance rate, prepared, published, kept or furnished by any person, association of persons or bureau employed by, representing or acting on behalf of any other insurance company or association" constitutes prima facie evidence in prosecutions under the foregoing statutes (§ 416.290 RSMo, V.A.M.S.); and prohibit unfair competition and deceptive practices (§§ 375.930 et seq. RSMo, V.A.M.S.). Further, Section 416.090 RSMo, V.A.M.S., provides that persons injured by violations of that chapter may recover triple damages. Because of the vagueness and the general and conclusory nature of the complaint, however, it is impossible at this point of the pleadings and discovery herein to determine whether the broad allegations of conspiracy in restraint of trade as a proximate result of which plaintiff was damaged come into the specific categories of (1) violations and (2) types of insurance which are specifically covered by the Missouri statutes. It appears, for instance, that at least some life insurance is involved in the case at bar. In paragraph 9 of the amended complaint, it is alleged that defendant Beneficial "is engaged in the business of selling life and property and liability insurance." And plaintiff is entitled at this point to a liberal reading of the complaint and the resolution of all ambiguities therein in his favor. Conley v. Gibson, *supra*; Great Atlantic & Pacific Tea Co. v. Amalgamated Meat Cutters & Butcher Workmen of North America, *supra*; Leimer v. State Mut. Life Assur. Co., *supra*. Therefore, the motions to dismiss will be denied with-

out prejudice to their contentions, insofar as the motions relate to the first three "claims." Defendants may re-assert their contentions at a later point in pleading and discovery when they are able to show, in accordance with the authority cited above, the exclusive applicability of the state statutes. The alternative motions to make definite and certain, however, will be taken up below and granted in part.

■ With respect to the last three "claims" of the complaint, the contentions are (1) that no claim is stated for either actual or punitive damages and (2) that no diversity of citizenship exists to permit plaintiff independently to invoke federal jurisdiction. Defendants generally contend on the first point that the agency agreement specifically provides that "this agreement may be terminated by either party at any time by written notice to the other stating when such termination shall become effective" and therefore defendants cannot be liable for terminating their agency contracts at will for any reason. Defendants cite many Missouri cases, including Superior Concrete Accessories v. Kemper, Mo., 284 S.W.2d 482. In that case, however, it was noted as follows:

"The rule which we think has some application here was clearly enunciated by the Missouri Court of Appeals in Beebe v. Columbia Axle Co., 233 Mo.App. 212, 117 S.W.2d 624, 629: 'The limitation is that, in any case of an indefinite agency where it is revoked by the principal, if it appears that the agent, induced by his appointment, has in good faith incurred expense and devoted time and labor in the matter of the agency without having had a sufficient opportunity to recoup such from the undertaking, the principal will be required to compensate him in that behalf; for the law will not permit one thus to deprive another of value without awarding just compensation. The just principle acted upon by the courts in the circumstances suggested requires no more

than that, in every instance, the agent shall be afforded a reasonable opportunity to avail himself of the primary expenditures and efforts put forth to the end of executing the authority conferred upon him and that, if such opportunity is denied him, the principal shall compensate him accordingly.'" 284 S.W.2d at 491–492.

Under those principles, plaintiff may well have stated a claim. The motion to dismiss should therefore be denied in this respect also.

■ The motion to dismiss for lack of diversity of citizenship under § 1332, Title 28, United States Code, asserted by defendants American Insurance Company, Associated Indemnity Corporation, and Fireman's Fund Insurance Company, is based upon the following:

"Plaintiff's amended complaint shows on its face that plaintiff is a resident of the State of Missouri, that defendant Transit Casualty Company is a corporation organized and existing under the laws of the State of Missouri and has its principal office and place of business in St. Louis, Missouri; that defendant Mid-America Fire & Marine Insurance Company is a corporation organized and existing under the laws of the State of Missouri and has its principal office and place of business in Kansas City, Missouri."

Defendants cite Douglas v. United Electrical Radio and Machine Workers of America (E.D.Mich.) 127 F.Supp. 795, for the principle that complete diversity of citizenship must exist between the parties in order for federal diversity jurisdiction to attach. Again, however, viewing the allegations of the complaint in the light most favorable to plaintiff, it appears that, if he indeed states claims under the Sherman Anti-Trust Act in his first three "claims" in that, in part, it was an object of the conspiracy to terminate the agency contract, his fourth, fifth, and sixth "claims" respecting the termination of the contracts may be cognizable in this Court under the doctrine of pendent jurisdiction. See

United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218; Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442; Gem Corrugated Box Corp. v. National Kraft Contain. Corp. (C.A.2) 427 F.2d 499. Pendent jurisdiction of these "claims" may therefore be invoked without reference to the diversity statute.[1]

■ Defendants have also moved for more definite statements of the complaint, both before and after the filing of the amended complaint. It is clear from the foregoing that these motions should be granted insofar as plaintiff should state the facts by which he may show that he was damaged as a proximate result of the conspiracy. As the complaint in its amended form now reads, the violations of the Sherman Act are not in any way specifically related to plaintiff. It is only stated generally that defendants violated the Act and that, as a proximate result, plaintiff was damaged. No specific violations are asserted nor are they related to plaintiff. This is defective under the federal pleading rules. See Wright, Law of Federal Courts § 68 (2d ed. 1970), p. 286–87:

> "The rules require the pleader to disclose adequate information as the basis of his claim for relief as distinguished from a bare averment that he wants relief and is entitled to it. It is true that in Conley v. Gibson the Supreme Court referred to 'simplified "notice pleading"' but in context it is plain that the Court's statement was one of aim rather than definition. Only two sentences before the phrase in question the Court had emphasized that the rules require the complaint to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.' Thus the Court recognized that the rule does contemplate the statement of circumstances, occurrences, and events in

support of the claim presented, even though it permits these circumstances to be stated with great generality."

The amended complaint in the case at bar does not conform to the above rule. The allegations in the first three "claims" only state generally that certain violations were committed, without reference to plaintiff, and that plaintiff was injured as a proximate result thereof. But no facts are stated to show the damage as a proximate result. Further, the facts stated should be specific enough in the case at bar to enable the Court to ascertain whether the violations asserted are exclusively within the purview of the arguably applicable state statutes or whether the suit must be brought under the Sherman Anti-Trust Act. The present, generally-worded complaint does not enable the Court to discern whether it contains some allegations of anti-trust violations without the scope of the state statutes. Further, with respect to "claims" four, five and six, plaintiff should state with particularity the facts which entitle him to relief under the *Superior Concrete* rule, *supra,* or other recognizable rule of law, as is not presently the case. The motions for a more definite statement will therefore be granted in these respects.

In this regard, it is noted that plaintiff has motions pending (1) to add Transit Casualty Company, Beneficial Standard Life Insurance Company, Northwestern National Insurance Company and Mid-America Fire and Marine Insurance Company as parties defendant, and (2) to be granted 20 days "after all motions by all defendants have been filed" to file suggestions in opposition. In view of the necessity for making the complaint herein definite and certain, these motions will be denied without prejudice and plaintiff will be ordered to submit a proposed second amended complaint within 20 days of the date of entry of this order in which

---

1. Chapiewsky v. G. Heileman Brewing Company (W.D.Wis.) 297 F.Supp. 33, held that the federal court had the power to apply the doctrine of pendent jurisdiction in a case where the federal claim was under the Sherman Act.

he states claims, according to the rules of pleading as explicated above, against all defendants, including those sought to be added, by stating the facts entitling him to relief under recognizable legal theories. Plaintiff should particularly state facts showing the jurisdiction of the first three "claims" under the Sherman Anti-Trust Act and the damages for which relief is claimed in the last three "claims." If he wishes, plaintiff may accompany the proposed second amended complaint with a memorandum of law and facts in support.

■ There are two motions pending to grant leave to certain visiting lawyers to appear in this case. Plaintiff moves the Court for an order granting permission for the firm of Regan, Goldfarb, Powell and Quinn to appear in this cause as co-counsel for plaintiff. Defendants American Insurance Company, Associated Indemnity Corporation and Fireman's Fund Insurance Company move for an order granting permission to William H. Orrick, Jr., of the firm of Orrick, Herrington, Rowley & Sutcliffe to appear as co-counsel for those defendants. It appears that all the visiting lawyers are members of foreign state bars in good standing and the respective motions have not been opposed in the pleadings by any of the parties, although they have been given ample time in which to do so. The motions will therefore be granted.

In view of developments in the pleadings which have taken place since their respective filings, defendant Selective Insurance Company's motion to strike certain portions of the original complaint referring to a "conspiracy" and the motion of American Premier Insurance Company to strike from the complaint any reference to "Northwestern National Insurance Group" will be denied as moot. The "conspiracy" problem is a matter which may be raised again after the submission of the proposed second amended complaint in accordance with this order. And plaintiff now proposes to add "Northwestern National Insurance *Company*" as a party defendant.