No. 71–1386. OHIO AFL–CIO, UNITED AUTOWORKERS OF OHIO, ET AL. *v.* INSURANCE RATING BOARD ET AL. C. A. 6th Cir. Certiorari denied.

MR. JUSTICE DOUGLAS, dissenting.

I would grant certiorari in this case.

The District Court dismissed petitioners' complaint, which alleged that respondents had engaged in an illegal combination and conspiracy in the fixing of automobile insurance premiums in violation of the Sherman Antitrust Act, 26 Stat. 209, as amended, 15 U. S. C. § 1 *et seq.,* for lack of subject matter jurisdiction due to the exemption of the insurance industry from antitrust laws by § 2 of the McCarran-Ferguson Act, 59 Stat. 34, 15 U. S. C. § 1012.

The McCarran-Ferguson Act provides, in part, that the Sherman Antitrust Act "shall be applicable to the business of insurance to the extent that such business is not regulated by State law." In *FTC* v. *National Casualty Co.,* 357 U. S. 560, 563, after examining the statute and its legislative history, we held that federal regulation as to advertising practices was prohibited in those States which were regulating such practices under their own laws. We indicated, however, that the grant of exclusive regulatory power to the State would be ineffective if the state statutory provisions which purported to regulate were a "mere pretense" of regulation.

In the instant case the petitioners allege that the state statutory scheme is such a "mere pretense" of regulation. This allegation is based on the following factors: Although rating organizations are required to be examined at least once every five years under the statutory scheme, the state Department of Insurance has examined only two rate bureaus in the last five years, and only six examinations have been conducted in the last 20

years. The Insurance Rating Board, composed of 129 insurance companies which write approximately 17% of the automobile liability insurance and approximately 22% of the physical damage insurance in the State, is permitted under the statutory scheme to determine the amount of any rate increase and institute that increase at a date picked by it. Review of that determination may occur only upon the challenge of the state Department of Insurance, which has never challenged an increase, and which in fact does not even employ an actuary so as to be able to examine the increase.

A governmental regulatory agency which, in contradiction of a statutory direction, only rarely exercises its examinatory powers; which has never exercised its power of review of rate increases; and which does not even employ the personnel which would be necessary to exercise the power would prima facie seem to be no more than a "mere pretense" of regulation. Perhaps a full hearing would show otherwise. But enough has been tendered to make the trial court's dismissal of the complaint improper and this petition a clear grant.