**John WEBB, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 74–3836
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

March 18, 1975.

---

* Summary Calendar case; Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

John Webb, pro se.

D. Broward Segrest, Asst. U. S. Atty., Montgomery, Ala., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Petitioner seeks release from prison under 28 U.S.C. § 2255. He makes four contentions. He contends that his rights were violated when the prosecutor questioned a witness about his previous crimes. He also contends that the federal trial court judge violated his rights in allowing the questioning. These two issues were raised in petitioner's direct appeal, United States v. Webb, 5 Cir. 1972, 463 F.2d 1324, cert. denied 409 U.S. 986, 93 S.Ct. 338, 34 L.Ed.2d 251, and we are thus foreclosed from reconsidering them here, Lacaze v. United States, 5 Cir. 1972, 457 F.2d 1075 at 1078, cert. denied 409 U.S. 921, 93 S.Ct. 251, 34 L.Ed.2d 180. Petitioner also argues that he was not effectively assisted by counsel, and that he was denied access to the trial court's hearing, in chambers, of a severed co-defendant's motion for a continuance. But petitioner was not denied effective assistance of counsel and the hearing to which he refers had nothing to do with the merits of his own case. The district court's denial of petitioner's motion is affirmed.

Affirmed.

