UNITED STATES of America,
Plaintiff–Appellee,

v.

Kenneth L. STANLEY,
Defendant–Appellant.

No. 88–3014.

United States Court of Appeals,
Tenth Circuit.

Feb. 14, 1990.

Mark J. Rosenblum, Asst. Federal Public Defender (Michael G. Katz, Federal Public Defender, with him on the briefs) Denver, Colo., for defendant-appellant.

H. Lee Schmidt, Asst. U.S. Atty. (Michael J. Norton, U.S. Atty., Catharine M. Goodwin, Asst. U.S. Atty. on the brief) Denver, Colo., for plaintiff-appellee.

Before LOGAN, BARRETT, and
EBEL, Circuit Judges.

EBEL, Circuit Judge.

On August 30, 1988, defendant Kenneth L. Stanley was tried and convicted in the United States District Court for the District of Colorado of receiving child pornography through the mails in violation of 18 U.S.C. § 2252(a)(2).[1] On December 19, 1988, defendant was sentenced to a three-year term of probation. Defendant appealed that conviction directly to this court, and we now affirm.

## BACKGROUND

After being discharged from the United States Navy while stationed in Japan, defendant mailed a box from Japan to himself at his parents' address in Aurora, Colorado. The box contained approximately fifty-four magazines. On March 22, 1988, the box broke open in the San Francisco Bulk Mail center. A postal handler noticed the opened package and observed that the contents appeared to be child pornography. After the Postal Inspector was informed, a search warrant was obtained to inspect the contents of the package. Upon confirming that the magazines in the package depicted

---

1. Although defendant was charged with two counts of violating 18 U.S.C. § 2252(a), he was only convicted of one. Therefore, our discussion does not address facts relating to the count for which defendant was found not guilty.

nude children and children in sexually explicit poses, the box was packaged again and shipped to the Postal Inspector in Colorado.

The package was received by Pat Carr, a Postal Inspector in Colorado. Inspector Carr examined the contents of the box. Carr then ordered that the box be packaged again and delivered to defendant at the address indicated on the box. The package was delivered under the supervision of postal agents and local police. A warrant to search for the box in defendant's parents' house was obtained and executed. While the warrant was being executed, defendant admitted to the agents that he bought the magazines in Japan and mailed them to himself at his parents' address.

### DISCUSSION

I. *Defendant "Received" the Child Pornography Within the Meaning of the Statute.*

■ Defendant argues that the district court improperly denied his motion for acquittal after the jury returned its verdict because the jury verdict finding him guilty of violating 18 U.S.C. § 2252(a)(2) was contrary to law. That section provides in relevant part:

Any person who *knowingly receives,* or distributes any visual depiction that has been transported or shipped in interstate or foreign commerce by any means ..., if such visual depiction is of [a minor engaging in sexually explicit conduct]; shall be punished as provided in ... this section.

18 U.S.C. § 2252(a)(2)(B) (emphasis added). The trial judge instructed the jury that, for purposes of the statute, "receive" means "to acquire control, in the sense of physical dominion or apparent legal power to dispose of the publication." R. III at 94–95.

Defendant does not challenge the jury instruction. Rather, defendant argues that the jury's verdict finding him guilty of "receiving" the materials depicting children engaging in sexually explicit conduct was contrary to law because he could not "receive" materials through the mail which he had mailed to himself. He contends that, by mailing the materials to himself, he never surrendered control over them such that he could later "receive" them within the meaning of the statute. We disagree.

Here the defendant surrendered control over the materials when he gave them to the postal authorities and reacquired control when the materials were delivered to him at his parents' home and he again took possession of them. *Cf. United States v. Davis,* 461 F.2d 83, 88 (5th Cir.), *cert. denied,* 409 U.S. 921, 93 S.Ct. 250, 34 L.Ed.2d 180 (1972) (Holding that under the mail theft statute "postal matter remains in the custody or locus of the postal system, and continues to be 'mail,' until such time as the material is returned to the sender or delivered to the address specified by the sender.").

The Supreme Court has explained that criminal statutes are "subject to the basic consideration that legislation like all other writings should be given, insofar as the language permits, a commonsensical meaning." *United States v. Universal C.I.T. Credit Corp.,* 344 U.S. 218, 221, 73 S.Ct. 227, 229, 97 L.Ed. 260 (1952). In this case, a common-sense understanding of the verb "to receive" is either "to take possession or delivery of" or "to have (something) given or sent to one." *Webster's Third New International Dictionary* 1894 (1986); *The Random House College Dictionary* 1101 (Rev. Ed.1980). The court's instruction to the jury defining "receive" was in accordance with the common-sense understanding of the term. Accordingly, we affirm.

II. *The Postal Inspector's Testimony Was Properly Admitted.*

■ At trial, United States Postal Inspector Pat Carr, testifying on behalf of the government, stated that he had specialized in the investigation of prohibited mailings such as child pornography since 1979. Over defense counsel's objection, the court allowed Inspector Carr to testify that, in his opinion, several of the children depicted in sexually explicit conduct were under the age of eighteen. R. III at 46–51.

The government offered the testimony of Inspector Carr as lay opinion. Under Federal Rule of Evidence 701, lay opinion testimony "is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Fed.R.Evid. 701. In this case, there is no question that Inspector Carr's testimony was based on his perceptions of the photographs because he viewed the photographs while testifying. R. III at 47–51. Therefore, the first requirement of Rule 701 was satisfied.

However, defendant argues that the testimony concerning the ages of the persons in the photographs did not satisfy the second requirement because the pictures "spoke for themselves" and the jury was as able to judge the age of the persons depicted in the magazines as Inspector Carr. Defendant therefore concludes that the Inspector's testimony was not helpful to understanding his testimony nor to the determination of a fact at issue. We disagree.

The government offered Inspector Carr's testimony as lay opinion testimony about the age of the subjects depicted in the photographs as well as to explain "the purpose of his seizing them." R. III at 46–47. "The trial court has broad discretion to determine whether a lay witness is qualified under Rule 701 to testify on a matter of opinion." *United States v. Borrelli*, 621 F.2d 1092, 1095 (10th Cir.), *cert. denied* 449 U.S. 956, 101 S.Ct. 365, 66 L.Ed.2d 222 (1980). We believe that Inspector Carr's testimony was helpful to the jury in determining the age of the subjects. The age of the subjects was a fact in issue. Additionally, Inspector Carr's testimony was helpful as an explanation of why he ordered a supervised delivery, obtained a search warrant, and seized the defendant's package. Because the materials containing the pictures were introduced as evidence for the jury to view, we can not say the district court abused its discretion in allowing Inspector Carr's testimony. III R. at 47, 127.

The district court properly denied defendant's motion to acquit and correctly overruled defendant's objection to Inspector Carr's testimony. Therefore, the judgment of the district court is AFFIRMED.[2]

---

**2.** Although defendant was not sentenced under the Federal Sentencing Guidelines, the government does not appeal the defendant's sentence.