COURT OF APPEALS
DECISION
DATED AND FILED

June 25, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP124-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2015CF3072

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

ERIK MICHAEL LINDBERG,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: JEFFREY A. WAGNER, Judge. *Order reversed and cause remanded with directions*.

Before Donald, P.J., Geenen and Colón, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1　　PER CURIAM.　Erik Michael Lindberg appeals from a judgment of conviction for three counts of possession of child pornography and an order of the trial court denying his postconviction motion, without a hearing.[1]　On appeal, Lindberg raises four main arguments:　(1) that the State's evidence was insufficient to support his conviction; (2) that his trial counsel was ineffective; (3) that he is entitled to a new trial as a result of newly discovered evidence; and (4) that he is entitled to a new trial in the interest of justice.

¶2　　We conclude that the State presented sufficient evidence at trial to support Lindberg's conviction.　We also conclude that Lindberg is entitled to a hearing on his ineffective assistance of counsel claim as it relates to his allegation that trial counsel failed to adequately investigate the images underlying the charges and prepare a defense, and for the reasons set forth below, we reverse the trial court's order and remand this matter for a ***Machner***[2] hearing.

## BACKGROUND

¶3　　Police received tips from the National Center for Missing and Exploited Children (NCMEC) about suspected child pornography uploaded on February 19, 2015, to a "Skydrive" account serviced by Microsoft.[3]　The police investigation into the tips revealed that the email address on the account was listed

---

[1] While Lindberg appeals from both a judgment and an order, we address only the order for the reasons set forth in the opinion.

[2] ***State v. Machner***, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

[3] NCMEC received the tips from Microsoft after Microsoft "located questionable images" on the Skydrive account and suspended the account.　"Skydrive," now known as OneDrive, was described at trial as "a system that holds pictures up in the cloud that only the person with that email address and a password can obtain."

to Lindberg. Thus, police obtained a search warrant and seized a laptop and an iPad belonging to Lindberg for further analysis.

¶4 In a statement to police, Lindberg admitted to using the laptop and iPad, admitted to owning the email address connected to the Skydrive account as well as the Skydrive account itself, and he admitted to downloading pornographic images; however, he denied that any of the images he downloaded were child pornography. Indeed, an officer from the scene later testified that Lindberg "was pretty confident about it" and said "there was a good chance that his girlfriend's dad … was looking at child pornography."

¶5 After analyzing the devices, police recovered thousands of pictures from the iPad. An estimated 35% of those pictures were pornographic images, and an estimated 50% of those pornographic images were analyzed further as suspected child pornography. Following the investigation, Lindberg was ultimately charged with three counts of possession of child pornography, contrary to WIS. STAT. § 948.12(1m) (2021-22),[4] for possessing images of girls estimated to be between twelve and fifteen years of age.

¶6 The case proceeded to a court trial where the State introduced into evidence the images and the testimony of several officers. Lindberg also testified.

¶7 At the trial, the officer who analyzed the images recovered from the iPad testified that she received specific training "with regard to child pornography" and she had analyzed "hundreds" of computers over the course of

---

[4] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted. Although we recognize that Lindberg was arrested and charged while the 2015-16 version of the Wisconsin Statutes was in effect, the language between these two versions is the same.

the last twelve years.  In her opinion, the images underlying the criminal charges were of girls "probably" between fourteen and sixteen years old, and she based her age estimates on breast and hip development and the lack of pubic hair.[5]  The officer confirmed that about 50% of the pornographic images were "conclusively" of adult women and, further, that there were no images of prepubescent or preteen girls.  However, she further testified that all the images analyzed were similar in nature given that all the images consisted of individuals who appeared to be of a younger age and lacked pubic hair.

¶8      In defense, Lindberg testified that he looked at pornography using websites that he thought were "safe."  He described that the sites he used "have a site administrator" and "they say that the adult site is legal, all the girls are of age, and that it's strongly regulated."  He further denied that he ever sought out pictures of underage girls.  As to the process of how he accessed pornography, he testified to one of the websites in particular that

> the only way to access photos is … you can click on highlighted words that would say like videos, movies, photographs, E-books, games, porn.  And you would just click on that.  You click on porn, it would pop up the top-rated list of the day or the top items.  And there was no previews on anything that you could download.

Thus, Lindberg testified that he was unaware that any questionable images were on his iPad, but he nevertheless thought the individuals depicted in the images underlying the charges "looked like they were in their twenties."[6]

---

[5] Another investigating officer who was trained in conducting investigations into child pornography testified that he estimated the age of the girls as between twelve and fifteen years of age.

[6] By contrast, an officer testified about the same website that "you would do a search for what you're looking for and then download based on what your searches give you."

¶9 Following the trial, Lindberg was convicted as charged and sentenced to a total of eight years and two months of imprisonment, bifurcated as three years and five months of initial confinement and four years and nine months of extended supervision.

¶10 At the time of sentencing, trial counsel addressed information provided by Lindberg's mother indicating that one of the individuals in the photographs was nineteen years old at the time the photographs were taken. Specifically, trial counsel stated that Lindberg's mother located an attorney in California who indicated that the picture serving as the basis for count one was of a Ukrainian model who was nineteen years old at the time of the photoshoot. Trial counsel stated that he spoke to the attorney on the telephone and that the attorney sent information about the model, including the model's passport showing her date of birth. However, trial counsel further indicated that while it "[s]ure looks like her," he did not "know if it definitively" was the model from the image underlying count one.

¶11 Trial counsel continued:

> But my purpose in raising this is, number one, for appellate purposes. And number two, to tell this [c]ourt the same way that I was unsure that these photos depict underage females, that concern is even more heightened now because I'm convinced that one of the images that he was convicted on is not even an underage person.
>
> And the same logic applies to all of them. My closing argument was that there's no proof. You know maybe it's we think but we don't know.

Thus, trial counsel highlighted that this has always been a close case and was "not outrageous" because it did not involve "sadomasochist, toddlers, infants, [or] child porn."

¶12     In response to this information, the trial court stated, "I've seen worse cases, as the [S]tate has stated.  And the [c]ourt would say it is not the most aggravated case the [c]ourt had in fact seen."  However, the trial court noted that Lindberg had already been found guilty beyond a reasonable doubt of the charges, and thus, the trial court continued with sentencing Lindberg.

¶13     Lindberg subsequently filed a motion for postconviction relief in which he argued that the information provided about the Ukrainian model was newly discovered evidence that entitled him to a new trial and that the State failed to present sufficient evidence to support his convictions.  In the alternative, Lindberg argued that trial counsel was ineffective for failing to investigate the images, failing to challenge the State's testimony about the age of the girls in the pictures, and failing to present expert testimony about the reliability of age estimates.

¶14     The trial court denied Lindberg's motion without a hearing. Lindberg appeals.

## DISCUSSION

¶15     Lindberg raises four main arguments on appeal.  He first argues that the State failed to produce sufficient evidence to sustain his convictions.  Second, he argues that his trial counsel was ineffective, and third, he argues that newly discovered evidence requires a new trial.  In his fourth and final argument, Lindberg argues that the interest of justice requires a new trial in this matter.

¶16     We conclude that the State presented sufficient evidence to support Lindberg's convictions.  However, we further conclude that Lindberg is entitled to a *Machner* hearing on his claim of ineffective assistance of counsel related to

Lindberg's allegation that trial counsel failed to conduct any investigation into the images and prepare a defense.

¶17     In light of our decision to remand Lindberg's case for a *Machner* hearing on his claim of ineffective assistance of counsel, we do not address Lindberg's arguments based on newly discovered evidence or a new trial in the interest of justice, as consideration of those issues would be premature. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) ("[C]ases should be decided on the narrowest possible ground[.]").

## I.     Sufficiency of the Evidence

¶18     In reviewing a challenge to the sufficiency of the evidence, this court "may not reverse a conviction unless the evidence, viewed most favorably to the [S]tate and the conviction, is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." *State v. Poellinger*, 153 Wis. 2d 493, 501, 451 N.W.2d 752 (1990). "[A]n appellate court may not substitute its judgment for that of the trier of fact," and "[i]f any possibility exists that the trier of fact could have drawn the appropriate inferences from the evidence adduced at trial to find the requisite guilt, an appellate court may not overturn a verdict[.]" *Id.* at 507. Whether the evidence is direct or circumstantial, the standard for evaluating the sufficiency of the evidence remains the same. *Id.* at 503. We review a challenge to the sufficiency of the evidence *de novo*. *State v. Smith*, 2012 WI 91, ¶24, 342 Wis. 2d 710, 817 N.W.2d 410.

¶19     In this case, Lindberg was charged with three counts of possession of child pornography, contrary to WIS. STAT. § 948.12(1m), for images found on his iPad. Under § 948.12(1m), the State must prove that (1) "[t]he person knows

that he or she possesses or has accessed the material"; (2) "[t]he person knows, or reasonably should know, that the material that is possessed or accessed contains depictions of sexually explicit conduct"; and (3) "[t]he person knows or reasonably should know that the child depicted in the material who is engaged in sexually explicit conduct has not attained the age of [eighteen] years." *Id.*

¶20    On appeal, Lindberg challenges the evidence presented by the State to support the first and third elements. There is no dispute as to the second element, namely, that the images contain depictions of sexually explicit conduct.

*A.  Knowing Possession or Access of the Images*

¶21    As to the first element, Lindberg argues that the State failed to present sufficient evidence that he knowingly possessed or accessed images of child pornography because the State's case hinged on the fact that the iPad belonged to Lindberg and the State failed to present evidence that Lindberg obtained, viewed, saved, or otherwise was aware of the images on the iPad. We disagree.

¶22    At trial, the State presented testimony that one of the officers had seen Lindberg using an iPad in the past, Lindberg told police that the iPad was his, and Lindberg provided the police with the access code for the iPad. Officers further testified that Lindberg told them that he owned the email address and Skydrive account connected to the NCMEC tips. The State further presented testimony that all the images were found on the iPad and the pornographic images located on the iPad repeatedly portrayed younger looking girls with no pubic hair. The officers also testified that, at the time that they discovered the images, they used a mirror imaging software program to create a copy of the contents of the

iPad that could not be altered in any way. Thus, there was no chance that the images were added after police seized the iPad.

¶23 Lindberg also testified and admitted to visiting websites for the purposes of obtaining pornography, admitted to downloading pornographic images to the iPad, admitted to owning the email account associated with the images, and admitted to having a preference for pornographic images of individuals who lacked pubic hair.

¶24 From this evidence, we conclude that the trier of fact could have drawn the inference that Lindberg knowingly possessed or accessed the three images found on the iPad depicting girls consistent with Lindberg's stated preferences. *See **Poellinger***, 153 Wis. 2d at 500-01; *see also* WIS JI—CRIMINAL 2146A ("'Possessed' means that the defendant knowingly had actual physical control of the recording." (footnote omitted)).

¶25 While it is true that the trier of fact could have drawn the opposite inference from, for example, the testimony that other individuals had access to the iPad, the State did not know how those images specifically came to be on the iPad, and Lindberg denied that he downloaded images of underage girls, we cannot substitute our judgment for that of the trier of fact. *See **Poellinger***, 153 Wis. 2d at 507. "[I]f more than one reasonable inference can be drawn from the evidence, the inference which supports the finding is the one that must be adopted." ***Id.*** at 504 (citation omitted). "It is the function of the trier of fact, and not of an appellate court, to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." ***Id.*** at 506. Therefore, we reject Lindberg's argument that the State failed to present sufficient evidence to support the first element.

¶26    Nevertheless, Lindberg maintains that "[h]ard drive evidence is not the *sine qua non* of a knowing possession case" and the State was required to prove knowing actual physical control, either through evidence of manipulation of the image or otherwise. *See **State v. Mercer***, 2010 WI App 47, ¶20, 324 Wis. 2d 506, 782 N.W.2d 125.

¶27    We have previously stated that "courts across the country have repeatedly decided that data recovered from a defendant's computer hard drive is evidence of possession."  ***Id.***, ¶1.  However, whether the case involves images recovered from a hard drive or not, the bottom line remains that "the defendant in each case affirmatively reached out for and obtained images of child pornography and had the ability to control those images." ***Id.***, ¶¶1, 29.

¶28    Here, there is evidence—largely in the form of Lindberg's own testimony—that he visited websites for pornography, downloaded pornography to his iPad, and had a preference for pornographic images of models with no pubic hair, consistent with the images located on the iPad.  Thus, given the evidence that Lindberg affirmatively reached out for and obtained pornographic images of the type underlying the charges here, this was not a case of hard drive evidence from his iPad being a *sine qua non* of possession.  Consequently, we reject Lindberg's argument to the contrary.

### B.  *Knowledge of the Age of the Subjects Depicted in the Images*

¶29    As to the third element, Lindberg contends that the images depicted persons "so close to the age of eighteen that a lay person could not reliably tell the age of the individuals without expert assistance" and the evidence presented by the State of the ages of the individuals was insufficient to establish that Lindberg knew or reasonably should have known they were under the age of eighteen.

¶30     We have previously stated, "[T]he burden is on the State to prove beyond a reasonable doubt the defendant's … awareness of the facts indicating that the pornographic images are of children." *State v. Schaefer*, 2003 WI App 164, ¶40, 266 Wis. 2d 719, 668 N.W.2d 760. This means that "[t]he State must show that the defendant had an awareness of certain facts and information that would have caused a reasonable person to conclude that the persons depicted in the materials were minors." *Id.*, ¶41.

¶31     In this case, the State presented the images themselves, as well as testimony about the lack of breast and hip development and lack of pubic hair of the individuals in the images that would have caused a reasonable person to conclude that the individuals depicted in the images were minors. Therefore, we conclude that, from the evidence introduced at trial, a trier of fact reasonably could have found that the individuals in the images were under the age of eighteen and the State presented sufficient evidence of the third element at the trial. *See Poellinger*, 153 Wis. 2d at 501.

¶32     In reaching our conclusion, we note that the images themselves are not included in the appellate record. "[W]hen an appellate record is incomplete in connection with an issue raised by the appellant, we must assume that the missing material supports the trial court's ruling." *State v. McAttee*, 2001 WI App 262, ¶5 n.1, 248 Wis. 2d 865, 637 N.W.2d 774 (citation omitted). Therefore, we assume that the images themselves support the trial court's finding of the third element

11

that Lindberg knew or reasonably should have known that the images depicted someone who had not attained the age of eighteen years.[7]

¶33    We further assume that the photographs support the trial court's finding that "[y]ou do not need an expert's opinion as to viewing those photos" to determine that the photos depicted individuals under eighteen years of age.  While "expert testimony may be required to establish that they were minors," "this judgment must be made on a case-by-case basis."  *United States v. Riccardi*, 405 F.3d 852, 870 (10th Cir. 2005).  Without the images themselves, we accept the trial court's assessment that was made at the time of the trial that no expert testimony was needed to determine the ages of the individuals depicted in the images.  *See id.* at 870-71.

¶34    We also recognize that someone with specialized training in investigating crimes involving children, such as the officers who testified here, may still offer lay opinion testimony as to the age of a person in a photograph, and that such testimony can be sufficient evidence to establish age.  *See United States v. Stanley*, 896 F.2d 450, 451-52 (10th Cir. 1990) (accepting lay opinion testimony from a United States postal inspector "that, in his opinion, several of the children depicted in sexually explicit conduct were under the age of eighteen").  Thus, we reject any argument that the State's evidence was insufficient as a result of a lack of expert testimony and as a result of its reliance on lay opinion testimony from the investigating officers as to the age of the individuals in the photographs.

---

[7] We nevertheless note that, while the images themselves are absent, the record contains repeated descriptions of the images in the allegations contained in the criminal complaint and in the trial testimony.

¶35 Accordingly, we conclude that the State presented sufficient evidence at the trial to support Lindberg's convictions under WIS. STAT. § 948.12(1m).

## II.     Ineffective Assistance of Counsel

¶36 Lindberg also argues that he received ineffective assistance of counsel, and he groups trial counsel's failures into two main categories. First, he argues that trial counsel failed to conduct any investigation into the images and develop an adequate defense. Second, he argues that trial counsel failed to adequately challenge the State's evidence about the ages of the individuals depicted in the images and call a defense expert witness on the topic of estimating the ages of the individuals in the images.

¶37 Upon review, we conclude that Lindberg is entitled to a *Machner* hearing on his claim of ineffective assistance of counsel as to whether trial counsel was ineffective for failing to conduct any investigation into the images underlying the criminal charges and prepare a defense accordingly.

*A. Governing Legal Principles*

¶38 In reviewing Lindberg's postconviction motion alleging ineffective assistance of counsel, we must first "determine whether the motion on its face alleges sufficient material facts that, if true, would entitle the defendant to relief." *State v. Ruffin*, 2022 WI 34, ¶27, 401 Wis. 2d 619, 974 N.W.2d 432. This is a question of law that we review *de novo*. *Id.*

¶39 However, "if the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit

13

court has the discretion to grant or deny a hearing." *State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433. We review the trial court's discretion to grant or deny a hearing for an erroneous exercise of discretion. *Id.*

¶40 "Under the Sixth and Fourteenth Amendments to the United States Constitution, a criminal defendant is guaranteed the right to effective assistance of counsel." *State v. Balliette*, 2011 WI 79, ¶21, 336 Wis. 2d 358, 805 N.W.2d 334. A defendant must establish two elements to demonstrate that he received ineffective assistance of counsel: (1) "that counsel's performance was deficient" and (2) "that the deficient performance resulted in prejudice to the defense." *Id.*

¶41 To show that counsel's performance was deficient, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

¶42 A claim of ineffective assistance of counsel presents a mixed question of fact and law. *State v. Pico*, 2018 WI 66, ¶13, 382 Wis. 2d 273, 914 N.W.2d 95. "We will not reverse the circuit court's findings of fact unless they are clearly erroneous." *Id.* However, we review independently, as a matter of law, "whether those facts demonstrate ineffective assistance of counsel." *Id.*

*B. Failure to Investigate the Images and Prepare a Defense*

¶43 In his first challenge to trial counsel's performance, Lindberg specifically alleges that trial counsel failed to view the images underlying the

criminal charges prior to trial, and as a result, trial counsel failed to conduct any investigation whatsoever of his case and was consequently unable to prepare a proper defense to the charges.[8] Lindberg emphasizes that, following the trial, his mother easily uncovered the source of the images underlying count one after seeing the images at the trial and communicated with an attorney in California to discover that the model in the image underlying count one was over the age of eighteen. Thus, Lindberg argues that trial counsel failed to undertake "even a minimal effort to investigate the evidence" given that "[d]iscovering that defense was almost immediate."

¶44     By contrast, the State argues that Lindberg's allegations do not warrant a hearing because they are insufficient and conclusory. In making this argument, the State contends that Lindberg failed to connect the model found by Lindberg's mother to the individual depicted in the image underlying count one. The State further contends that Lindberg failed to identify any similar information that trial counsel failed to uncover for counts two and three. Thus, the State argues that Lindberg's allegations are purely speculative and not worthy of a hearing. We reject the State's argument.[9]

---

[8] Lindberg additionally contends that trial counsel should have reviewed the images with him so that they could have discussed the age of the individuals depicted in the images and Lindberg could have investigated the same information that was ultimately provided by his mother. We reject any notion that trial counsel was ineffective for failing to review the images with Lindberg. Lindberg could not have provided any more insight into the age of the individuals than the testimony he already provided at trial that he believed the individuals in the images were in their twenties. We further note that Lindberg was prohibited from using the internet following the issuance of the charges in this case, and he could not have accomplished the same research done by his mother.

[9] The State further argues that this court should determine that trial counsel had a reasonably sound defense strategy. Without the benefit of a *Machner* hearing, we cannot accept the State's argument. *See* *State v. Machner*, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979).

¶45    In his postconviction motion, Lindberg explains that information discovered by his mother after the trial suggests that the individual depicted in the image underlying count one was nineteen at the time the photos were taken. Attached to his motion, Lindberg provides a letter from an attorney from California providing the name and age of a Ukrainian model and attachments to the attorney's letter consisting of pictures of the model. In the pictures, the model's face can be seen. In one picture, she is described as holding a government document containing her date of birth, and in another picture, she is described as holding a release from the modeling agency stating that she was over the age of eighteen at the time the photos were taken.

¶46    Lindberg continues on to allege that trial counsel failed to review the photographs prior to trial, and had trial counsel done so, trial counsel could have easily discovered the information about the model that Lindberg's mother just as easily discovered after the trial. Lindberg alleges that trial counsel had a duty to investigate his case and trial counsel's performance was deficient for failing to review the photographs, conduct any sort of investigation, and uncover this information in preparing a defense. Lindberg further alleges that he was prejudiced by trial counsel's failure to uncover this information because, due to the nature of the information, there is a reasonable probability that the result would have been different had this information been presented for consideration at the time of trial.

¶47    Without ultimately deciding that Lindberg's trial counsel was ineffective, we conclude that Lindberg is entitled to a *Machner* hearing. *See State v. Sholar*, 2018 WI 53, ¶54, 381 Wis. 2d 560, 912 N.W.2d 89 ("[W]hen an appellate court remands for a *Machner* hearing, it must leave both the deficient performance and the prejudice prongs to be addressed[.]").

16

¶48 In his postconviction motion, Lindberg alleged sufficient, non-conclusory facts about what trial counsel failed to do, why there is reason to believe that this was deficient performance, and why there is reason to believe that the outcome would have been different had trial counsel investigated the images and uncovered this information prior to trial. *See State v. Love*, 2005 WI 116, ¶27, 284 Wis. 2d 111, 700 N.W.2d 62 ("[A] postconviction motion will be sufficient if it alleges within the four corners of the document itself 'the five 'w's' and one 'h'; that is, who, what, where, when, why, and how.'" (citation omitted)).

¶49 Further, the record does not conclusively defeat Lindberg's claim—the record cannot—because the presented information about the age of the model is new information that was not available for consideration during the trial and we lack any indication in the record of trial counsel's investigation and trial strategy.

¶50 Consequently, we conclude that Lindberg is entitled to a *Machner* hearing on his claim of ineffective assistance of counsel related to his allegation that trial counsel failed to investigate the images and uncover the information that his mother ultimately found. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. Moreover, without a hearing, "[w]e cannot otherwise determine whether trial counsel's actions were the result of incompetence or deliberate trial strategies" and we consider it necessary "to require trial counsel to explain the reasons underlying his handling of [the] case." *State v. Machner*, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979).

*C. Failure to Present Expert Testimony*

¶51    Turning to Lindberg's second claim of ineffective assistance of counsel, we conclude that Lindberg is not entitled to a hearing because his allegations on this front are conclusory and insufficient.

¶52    In his postconviction motion, Lindberg contends that his trial counsel failed to adequately challenge the evidence presented by the State about the age of the individuals depicted in the images, and he contends that trial counsel should have hired an expert on aging as part of his defense. Notably, Lindberg fails to identify an expert witness that trial counsel should have called and how further challenge to the State's witnesses on aging and presentation of a defense expert on aging could have been accomplished.

¶53    In a closing statement, trial counsel specifically called out the State's lack of expert testimony on the age of the models:

> The State's witnesses merely opined that the images/photographs depicted females under the age of [eighteen]. Reasonable minds in this regard may differ. No expert testimony in this regard was presented. None of the images/photographs were identified as belonging to a particular named person under the age of [eighteen]. The images/photographs presented are, in and of themselves, insufficient evidence of some perceived reality that the females depicted are under [eighteen] years of age.

¶54    In light of the contents of the record and Lindberg's allegations in his postconviction motion, we, therefore, conclude that Lindberg has failed to demonstrate that he is indeed entitled to a hearing on this aspect of his claim for ineffective assistance of counsel. *See Allen*, 274 Wis. 2d 568, ¶9.

**CONCLUSION**

¶55 Accordingly, we reverse the trial court's order denying Lindberg's postconviction motion without a hearing, and we remand this matter for the trial court to hold a ***Machner*** hearing on Lindberg's claim of ineffective assistance of counsel to determine whether trial counsel was ineffective for failing to investigate the images underlying the charges in Lindberg's case and prepare a defense.

*By the Court.*—Order reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.